OPINION
{¶ 1} Appellant Theodore Mong II appeals from the denial of his petition for postconviction relief in Licking County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} In 1997, appellant was indicted on multiple counts of sales of unregistered securities, sales of securities without a license, fraudulent practices in the sale of securities, and false representation in the sale of securities, as well as one count of engaging in a pattern of corrupt activity and one count of receiving stolen property. The matter proceeded to trial, with the State dismissing three of the counts contained in the aforesaid indictment. A jury found appellant guilty on the remaining counts. On April 24, 1998, the trial court sentenced appellant to an aggregate minimum term not to exceed fifteen years.
 {¶ 3} Appellant filed a direct appeal from his conviction and sentence. This Court affirmed. See State v. Mong (Dec. 1, 1998), Licking App. No. 98CA0043.
 {¶ 4} On April 23, 2001, nearly three years after his conviction and sentence, appellant filed a pro se "petition for relife (sic) after judgment" with the trial court, citing R.C. 2953.21. On May 24, 2001, the trial court denied the petition. Appellant appealed said denial to this Court. On December 6, 2001, we affirmed, noting: "* * * [W]e find it unnecessary to address the merits of appellant's arguments inasmuch as the trial court's finding the Petition was untimely filed is an independent ground warranting dismissal of appellant's Petition." Statev. Mong, Licking App. No. 01-CA-64, 2001-Ohio-1908.
 {¶ 5} On April 30, 2004, appellant filed a "petition to vacate or set aside sentence" with the trial court. The State filed a response on May 21, 2004. On June 3, 2004, the trial court denied appellant's said petition, indicating that it was relying "on the reasons set forth in the State's Response * * *." Judgment Entry at 1. On June 9, 2004, appellant filed a notice of appeal. This Court subsequently ordered the appointment of counsel. Appellant herein raises the following sole Assignment of Error:
 {¶ 6} "I. Whether the trial court prejudiced the substantial rights of appellant when it denied his post conviction relief without the required evidentiary hearing. ORC 2953.21(A)(2).
 I. {¶ 7} In his sole Assignment of Error, appellant contends the trial court erred when it denied his petition for postconviction relief without an evidentiary hearing. We disagree.
 {¶ 8} The pertinent jurisdictional time requirements for a postconviction petition are set forth in R.C. 2953.21(A)(2) as follows: "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." In order for a court to recognize an untimely postconviction petition, both of the following requirements must apply (R.C. 2953.23(A)(1)):
 {¶ 9} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the
 {¶ 10} claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 11} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 12} In the case sub judice, as the State aptly noted in its response to appellant's petition, appellant made no allegation that his untimely petition fell under the exceptions outlined in R.C. 2953.23(A)(1), let alone establish by clear and convincing evidence the requirements therein. Appellant presently seeks to argue that the copies of letters he purportedly sent to his appellate counsel, which were attached to his petition, were "indirectly" indicative that appellant was unavoidably prevented from the discovery of facts for purposes of R.C. 2952.23(A)(1)(a), supra. However, appellant herein utterly fails to shed any light on what those "facts" are, or how they would have impacted the original jury verdict. As such, we hold the trial court was without jurisdiction to entertain the merits of appellant's successive postconviction petition regarding his 1998 conviction.
 {¶ 13} Accordingly, we hold the court did not err in denying said petition without conducting an evidentiary hearing (see State v. Hurst
(Jan. 10, 2000), Stark App. No. 1999CA00171) and without issuing findings of fact and conclusions of law under R.C. 2953.21(G) (see State ex rel.Carroll v. Corrigan (1999), 84 Ohio St.3d 529).
 {¶ 14} Appellant's sole Assignment of Error is therefore overruled. For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Licking County, is hereby affirmed.
Wise, J., Hoffman, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Costs to appellant.