OPINION *Page 2 
{¶ 1} Appellant Christopher L. Brown appeals the denial of his petition for post-conviction relief in the Delaware County Common Pleas Court. The State of Ohio is the appellee.
 {¶ 2} On May 27, 2004, appellant was indicted in Case No. 04-CR-I-05-231 for six counts of gross sexual imposition and one count of rape. On June 10, 2004, appellant was indicted in Case No. 04-CR-I-06-255 for six counts of gross sexual imposition with a victim under age 13, three counts of gross sexual imposition by force, three counts of unlawful sexual conduct with a minor, three counts of sexual battery and three counts of rape. On August 9, 2004, the trial court ordered the two indictments to be consolidated.
 {¶ 3} Pursuant to appellant's Crim. R. 29 motion at the end of the State's case, in Case No. 04-CR-I-05-231, the trial court dismissed counts 4, 6 and 7 (all gross sexual imposition with a victim under 13) and in Case No. 04-CR-I-06-255, counts 17 and 18 (both gross sexual imposition with a victim under 13).
 {¶ 4} At the conclusion of a four-day jury trial, on November 11, 2004 the jury returned guilty verdicts as follows: On Case No. 04-CR-I-05-231, the jury found appellant guilty of counts 1, 2, 3 and 5. On Case No. 04-CR-I-06-255, the jury found appellant guilty of counts 1, 2, 3, 5, 9, 10, 11, 12, 13, 14, 15 and 16. The jury found appellant not guilty on the remaining counts.
 {¶ 5} After the trial, appellant moved for acquittal pursuant to Crim. R. 29 and for a new trial pursuant to Crim. R. 33. On January 6, 2005, the trial court ruled on *Page 3 
appellant's post-trial motions dismissing count 9 (gross sexual imposition with a victim under 13) in Case No. 04-CR-I-06-255 and denying appellant's motion for a new trial.
 {¶ 6} On January 24, 2005, the trial court sentenced appellant to an aggregate sentence of 12 years and imposed a $2,000 fine. On direct appeal, the transcript of the trial proceedings was filed with this Court on April 19, 2005. Appellant timely appealed to the Fifth District Court of Appeals, which affirmed the trial court's judgment on October 20, 2005 in State v. Brown, Delaware App. No. 2005CAA01002,2005-Ohio-5639.
 {¶ 7} On November 17, 2005, appellant filed a Notice of Appeal requesting leave from the Ohio Supreme Court to appeal the Fifth District's decision. The Ohio Supreme Court denied appellant leave to appeal and dismissed the appeal on March 22, 2006. Appellant filed a petition for post-conviction relief on August 25, 2006, which was denied as untimely by the trial court on September 18, 2006. Thereafter, appellant filed another petition for post-conviction relief on November 20, 2006. The trial court again denied appellant's petition as untimely. It is from this decision that appellant appeals raising the following assignments of error:
 {¶ 8} "I. THE POST CONVICTION RELIEF PETITION WAS THE CORRECT VEHICLE TO VIEW AND CORRECT DEFENDANT'S UNCONSTITUTIONAL SENTENCE SINCE DEFENDANT WAS ON DIRECT REVIEW AT THE TIME OF THE FOSTER DECISION."
 {¶ 9} "II. DEFENDANT SHOULD BE RETURED FOR RESENTENCING WITH A DIRECTIVE FROM THIS COURT FOR HIS MINIMUM SENTENCED COUNTS TO *Page 4 
BE RAN CONCURRENT TO ONE ANOTHER DUE TO EX POST FACTO APPLICATION."
 I. {¶ 10} Appellant argues in his first assignment of error that the trial court abused its discretion in denying his motion for post conviction relief.
 {¶ 11} This Court has stated that a trial court's denial of a petition for post-conviction relief will not be overturned absent an abuse of discretion. State v. Gross, Muskingum App. No. CT2006-0006,2006-Ohio-6941, citing, State v. Mitchell (1988), 53 Ohio App.3d 117,120, 559 N.E.2d 1370. An abuse of discretion implies that the trial court's attitude in the imposition of Appellant's sentence was "unreasonable, arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. When applying an abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 614 N.E.2d 748.
 {¶ 12} The trial court held that appellant's petition was not timely filed. We agree.
 {¶ 13} R.C. 2953.21(A)(2) states in relevant part: "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." *Page 5 
 {¶ 14} The only exceptions to this time frame are contained in R.C.2953.23(A)(1) and (2).
 {¶ 15} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:"
 {¶ 16} "(1) Both of the following apply:"
 {¶ 17} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right."
 {¶ 18} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 19} "(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71
to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as *Page 6 
described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death."
 {¶ 20} The statute states that a petition must be filed no later than 180 days after the transcript is filed with the court of appeals. In this case, appellant filed the transcript on April 19, 2005. Appellant then waited to file the petition for post-conviction relief on August 25, 2006, more than ten months after the transcript was filed with the court of appeals. The trial court was correct in ruling this untimely. Appellant failed to allege in his petition for post-conviction relief that he was pleading the exceptions of R.C. 2953.23(A)(1) and (2). This Court has held that when a petition for post-conviction relief is filed outside the 180 day time limit and fails to allege an exception, the trial court lacks jurisdiction to consider the merits of the petition.State v. Mong, Licking App. No. 04CA50, 2005-Ohio-2008.
 {¶ 21} Accordingly, the trial court did not abuse its discretion in denying appellant's petition as untimely.
 {¶ 22} Appellant's first assignment of error is overruled.
 II. {¶ 23} Appellant argues in his second assignment of error that he should be returned for resentencing. We disagree. *Page 7 
 {¶ 24} Appellant claims he was sentenced under an unconstitutional system pursuant to Booker, supra, Blakely, supra, and Apprendi v. NewJersey (2000), 530 U.S. 466. Appellant cites the case of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, seeking resentencing. We disagree with appellant's arguments herein.
 {¶ 25} This matter involves a denial of a petition for post-conviction relief, not a direct appeal. As a result, it is not subject to the resentencing remand of Foster: "As the Supreme Court mandated inBooker, we must apply this holding to all cases on direct review.Booker, 543 U.S. at 268, 125 S.Ct. 738, 160 L.Ed.2d 621, quotingGriffith v. Kentucky, 479 U.S. at 328, 107 S.Ct. 708, 93 L.Ed.2d 649. (`A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases* * *pending on direct review or not yet final')." Foster, at ¶ 106.
 {¶ 26} Accordingly, appellant's second assignment of error is overruled.
 {¶ 27} The judgment of the Delaware County Common Pleas Court is affirmed.
 Delaney, J., Hoffman, P.J. and Wise, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1