OPINION
{¶ 1} Raashawn Reynolds, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court denied his motion to vacate judgment for lack of jurisdiction.
 {¶ 2} On September 18, 2001, the trial court entered a judgment, pursuant to a jury verdict, finding appellant guilty of eight counts, including aggravated burglary, two counts of aggravated robbery, four counts of robbery, and possessing criminal tools, as well as numerous one-year and three-year firearm specifications. For purposes of *Page 2 
sentencing, the trial court merged the robbery counts into the aggravated robbery counts, and merged multiple firearm specifications into a single three-year specification. The trial court then sentenced appellant to a total sentence of 13 years.
 {¶ 3} Appellant appealed, and in State v. Reynolds, 10th Dist. No. 01AP-1176, 2002-Ohio-3337, we affirmed the trial court. The Supreme Court of Ohio denied appellant's motion for delayed appeal in State v.Reynolds, 96 Ohio St.3d 1510, 2002-Ohio-4950.
 {¶ 4} On June 8, 2006, appellant filed a petition for post-conviction relief, which the trial court denied on August 31, 2006. Appellant appealed, and this court affirmed the trial court in State v.Reynolds, 10th Dist. No. 06AP-996, 2007-Ohio-2188.
 {¶ 5} On July 8, 2008, appellant filed a motion to void judgment pursuant to Civ. R. 60(B)(4), (5), and (6). On October 20, 2008, appellant filed a motion to vacate judgment for lack of jurisdiction, based upon State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624("Colon /"), claiming his indictment omitted the mens rea element when charging the offenses of robbery and aggravated robbery. Also on October 20, 2008, appellant filed a motion to void judgment based on Civ. R. 60(B).
 {¶ 6} On October 27, 2008, the trial court denied the October 20, 2008 motion to vacate judgment for lack of jurisdiction. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
 The trial Court errored when it did not let the Appellant have a hearing once it was made aware of the Violation of the appellant's Due Process, when the State Convicted the defendant Via an Indictment that Omitted Essential "mens rea" for the offences which was a Structural Error. (Sic passim.) *Page 3 
 {¶ 7} In appellant's sole assignment of error, he argues that the trial court erred when it denied his motion to vacate judgment for lack of jurisdiction. Although appellant did not specify the procedural basis for his motion to vacate, an argument based upon a claimed lack of subject-matter jurisdiction as the result of a defective indictment should be advanced pursuant to a petition for post-conviction relief under R.C. 2953.21. See State v. Wooden, 10th Dist. No. 02AP-473, 2002-Ohio-7363, ¶ 9, citing State v. Malone (Jan. 30, 1997), 8th Dist. No. 71094; State v. Morgan (Sept. 5, 1996), 8th Dist. No. 70407. See also State v. Reynolds (1997), 79 Ohio St.3d 158, 160 (motion to vacate sentence met the definition of a petition for post-conviction relief, pursuant to R.C. 2953.21(A)(1), because it was: (1) filed subsequent to the defendant's direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence).
 {¶ 8} Analyzing appellant's motion as a petition for post-conviction relief, R.C. 2953.21(A)(2) provides that a petition for post-conviction relief must be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. Here, appellant filed his motion to vacate judgment for lack of jurisdiction on October 20, 2008. Therefore, appellant clearly failed to file his petition for post-conviction relief within the applicable period.
 {¶ 9} Pursuant to R.C. 2953.23(A), a court may entertain an untimely petition if a defendant demonstrates either: (1) he was unavoidably prevented from discovering facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the defendant's situation. R.C. 2953.23(A)(1)(a). If a defendant is able to satisfy one of those two conditions, *Page 4 
R.C. 2953.23(A) requires he also demonstrate that, but for the constitutional error at trial, no reasonable fact finder would have found him guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b).
 {¶ 10} Here, appellant has not, and cannot, demonstrate either of the first two prerequisites for entertaining an untimely petition for post-conviction relief. Appellant has not claimed that he was unavoidably prevented from discovering facts necessary for his claim for relief. Rather, appellant's claim in his motion was based upon new case law that had developed since his sentencing. Furthermore, appellant does not claim any new federal or state right recognized by the United State Supreme Court that applies retroactively to persons in appellant's situation. The new case relied upon by appellant, Colon I, is an Ohio Supreme Court case. Therefore, appellant has not met these requirements necessary to entertain an untimely petition for post-conviction relief. Accordingly, appellant's petition was untimely.
 {¶ 11} Notwithstanding, even if appellant had met the procedural requirements of R.C. 2953.21, and regardless of which procedural basis appellant's motion was founded upon, appellant's motion/petition would be denied on the merits. In State v. Colon, 119 Ohio St.3d 204,2008-Ohio-3749 ("Colon II"), the Supreme Court of Ohio reconsideredColon I and specifically stated that its decision in Colon I set forth a holding that "is only prospective in nature"; therefore, it does not apply retroactively. Colon II, at ¶ 3. As a result, "the new rule applie[s] to the cases pending on the announcement date" of ColonI. Id., quoting State v. Evans (1972), 32 Ohio St.2d 185, 186. "The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused *Page 5 
has exhausted all of his appellate remedies." Id., at ¶ 4, quotingAli v. State, 104 Ohio St.3d 328, 2004-Ohio-6592, ¶ 6.
 {¶ 12} Here, appellant's case was no longer pending at the time ofColon I, and the time for appealing any judgment had expired. Because his judgment was final before Colon I was announced, Colon I does not apply to appellant's conviction and sentencing. Therefore, regardless of how we label appellant's motion, the trial court properly denied it. Appellant's assignment of error is overruled.
 {¶ 13} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
SADLER and McGRATH, JJ., concur. *Page 1