[Cite as *State v. Davis*, 2011-Ohio-1706.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 10CA25 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| Geoffrey A. Davis, | : | |
| | | RELEASED 03/28/11 |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Geoffrey A. Davis, Noble Correctional Institution, Caldwell, Ohio, pro se.

James E. Schneider, Washington County Prosecutor, and Alison L. Cauthorn, Washington County Assistant Prosecutor, Marietta, Ohio, for appellee.
_____

Harsha, P.J.

{¶1}   Geoffrey Davis appeals from the dismissal of his untimely petition for postconviction relief.  We agree with the trial court that Davis filed it well beyond the statutory 180-day time limit and did not demonstrate grounds for filing a delayed petition.  Thus, we affirm the judgment of dismissal.

I.  Case Summary

{¶2}   In 2005, a Washington County jury found Davis guilty of felonious assault and abduction.  In November of 2005, Davis appealed and we remanded the case to the trial court for resentencing in light of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.  See *State v. Davis*, Washington App. 05CA50, 2006-Ohio-3549.  Davis then appealed from the resentencing and we affirmed the trial court.  See *State v. Davis*, Washington App. No. 06CA39, 2007-Ohio-1281.  Davis subsequently filed a motion for a new sentencing hearing when he realized the court failed to notify him of a

mandatory period of postrelease control.  The court scheduled a hearing and then resentenced him yet again in March 2010.  He appealed and we affirmed the trial court.  See *State v. Davis*, Washington App. No. 10CA9, 2010-Ohio-5294.

{¶3}    In the meantime, in January 2010, Davis filed a petition with the trial court seeking postconviction relief.  That petition, which is the subject of this appeal, included sundry documents that Davis argued created "reasonable doubt" as to his conviction.  In denying the petition, the trial court offered several reasons it could have denied the petition, including the doctrine of res judicata.  Additionally, the court individually reviewed each attached document and explained why the document did not support Davis' demand for postconviction relief.  Ultimately, the trial court expressly rejected Davis' petition on grounds of untimeliness.  Davis subsequently filed a pro se appeal of this decision.

II. Assignments of Error

{¶4}    Davis assigns three errors, which we have reproduced verbatim from his brief:

First Assignment of Error:

TRIAL COURT ABUSED THEIR DISCRETION BY DENYING POST BASED ON THE ASSUMPTION AND NO FACTUAL DETERMINATION THAT THE EVIDENCE "COULD HAVE" BEEN BROUGHT TO TRIAL COURTS ATTENTION PRIOR TO TRIAL AND THAT DEFENDANT "COULD HAVE" TESTIFIED TO THIS AT TRIAL.

Second Assignment of Error:

TRIAL COURT ABUSED THEIR DISCRETION BY FAILING TO CONSIDER RATHER-OR-NOT THE EVIDENCE NOW PRESENTED WAS SUFFIENT TO RAISE REASONABLE DOUBT OR BE DEEMED PLAUSIBLE ENOUGH FOR A DIFFERENT OUTCOME HAD AN EVIDENT HEARING BEEN HELD AND THE EVIDENCE DEALT WITH PROPERLY AND THOROUGHLY.

Third Assignment of Error:

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO, OR ("COULD HAVE") RAISED THE EVIDENCE NOW SUBMITTED TO TRIAL COURTS ATTENTION, WHICH COULD HAVE LED TO A DIFFERENT OUTCOME.

### III. Untimeliness of Demand for Postconviction Relief

{¶5}   The trial court specifically denied Davis' petition for postconviction relief as being untimely.  Although not raised as an assignment of error, in the section of his brief titled "History of Facts/Case" Davis argues the petition was timely.  Even though this approach does not satisfy the appellate rules, we will review the trial court's decision on timeliness because it is dispositive.

{¶6}   Postconviction relief is a narrow remedy reserved for addressing errors of constitutional dimension that occurred outside the trial record. *State v. Steffen*, 70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67.  Unlike a direct appeal, a petitioner has no constitutional right to postconviction relief.  Id.  The petitioner seeking postconviction relief has no more rights than those granted within the statute.  *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102, 714 N.E.2d 905.

{¶7}   R.C. 2953.21(A)(2) governs the time constraints for seeking postconviction relief.   Generally, if the petitioner files a direct appeal, he must file the

petition "no later than one hundred eighty days after the expiration of the time for filing the appeal." The 180-day time limit runs from the "date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." Davis filed his first direct appeal in November 2005. Thus, he filed his petition well beyond the 180-day time limit.

{¶8}    Davis briefly argues that his petition was timely because the court's act of resentencing him reset the 180-day time limit. However, Ohio courts are unanimous in concluding that the time limit for filing a petition for postconviction relief runs from the original appeal of the conviction. *State v. Piesciuk*, Butler App. No. CA2009-10-251, 2010-Ohio-3136, at ¶12; *State v. Seals*, Cuyahoga App. No. 93198, 2010-Ohio-1980, at ¶7; *State v. Haschenburger*, Mahoning App. No. 08-MA-223, 2009-Ohio-6527, at ¶27. "To hold otherwise would extend [the time to file] 'well beyond the time limits set forth in R.C. 2953.21(A)(2) to an undetermined time in the future, all contrary to the intent of the legislature.'" *Piesciuk* at id., quoting *State v. Laws*, Franklin App. No. 04AP283, 2004-Ohio-6446, at ¶6. Therefore, the 2010 resentencing hearing and the subsequent resentencing entry did not extend the time to file a timely petition for postconviction relief. And even if it could, Davis filed his petition for postconviction relief in January 2010, prior to the resentencing hearing upon which he claims the extension. Consequently, this argument is meritless.

{¶9}    The time limitation prescribed in R.C. 2953.21(A)(2) is jurisdictional, i.e., a trial court cannot entertain an untimely petition unless one of the exceptions set forth in R.C. 2953.23(A)(1) applies. *State v. Smith*, Washington App. No. 06CA65, 2007-Ohio-4730, at ¶11. R.C. 2953.23(A), which permits delayed petitions, requires the petitioner

to establish that: (1) he was "unavoidably prevented from discovery of the facts upon which" he relies to present his claim for relief, or that after the 180-day time limit expired, "the United States Supreme Court recognized a new federal or state right that applies retroactively" to him; and (2) he would not have been found guilty but for the constitutional error.  R.C. 2953.23(A)(1)(a) and (b).  Davis does not contend that the United States Supreme Court has recognized any new federal or state right that applies to him.  Thus, he must demonstrate that he was "unavoidably prevented" from discovery of the facts or evidence that form the basis of his claim for postconviction relief.

{¶10}  Davis did not explain in his petition what unavoidably prevented him from discovering any of his supporting documents prior to the expiration of the 180-day time limit.  In the argument for his second assignment of error, Davis claims that one piece of evidence -- a document listing the purported criminal history of the victim in the case -- demonstrates "reasonable doubt" as to his conviction.  Concerning the availability of this document, he contends, "I had no access to it or any other evidence until after my original sentence * * *."  Notably, Davis contends only that he had no access to the document until after his original sentence, rather than after the expiration of the 180-day time limit.

{¶11}  Regardless, the new evidence Davis refers to is titled "Criminal History of Denise A. Fought."  It is partially typewritten and handwritten.  The typewritten portion contains a brief summary of a 1996 conviction for DUI in Florida and a 1996 conviction for possession of marijuana in South Carolina.  The document also lists a charge of "Knowingly Give False Information to Police Officer" in South Carolina.  There is no other information listed in the document for this alleged crime and no indication of a

conviction.  The handwritten portion lists an undated Ohio OMVI conviction and a 2000 dismissal for public intoxication in West Virginia.

**{¶12}**  Even if Davis had presented some argument about what unavoidably prevented him from obtaining this document prior to the expiration of the 180-day time limit, the document itself relates solely to alleged convictions or charged crimes that occurred years before the 2005 trial in this matter.  We fail to see what prevented Davis from obtaining this "evidence" prior to trial or shortly afterwards.  Moreover, Davis fails to explain how this evidence would have resulted in his acquittal, other than the conclusory statement that it would have created "reasonable doubt."  Consequently, Davis has not demonstrated grounds for filing an untimely petition under R.C. 2953.23(A).

IV. Conclusion

**{¶13}**  Because Davis' petition for postconviction relief was untimely and he did not satisfy the requirements for filing a delayed petition, the court lacked jurisdiction to review it.  Accordingly, we affirm the dismissal of his petition.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. & McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Presiding Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**