[Cite as *State v. Aleshire*, 2012-Ohio-16.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-73 |
| LONNY J. ALESHIRE, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Licking County
Court of Common Pleas, Case No. 2005-
CR-60

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      January 4, 2012

APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant

KENNETH W. OSWALT                     LONNY J. ALESHIRE, JR.  PRO SE
Licking County Prosecutor             Chillicothe Correctional Institution
20 South Second Street                Box 5500
Newark, OH 43055                      Chillicothe, OH 45601

*Gwin, P.J.*

{1} In *State v. Aleshire,* Licking App. No. 2007-CA-1, 2007-Ohio-4446 ["*Aleshire I* ], we affirmed the trial court's denial of appellant's motion to withdraw his negotiated guilty plea that appellant filed nearly one year after he began serving his prison sentence. The Supreme Court of Ohio then reviewed the matter. Initially the Supreme Court vacated the appellant's plea and remanded for a new hearing. *State v. Aleshire,* 117 Ohio St.3d 402, 884 N.E.2d 57, 2008-Ohio-1272. Upon motion of the State, the Supreme Court reconsidered and remanded to this Court for further review. *State v. Aleshire,* 118 Ohio St.3d 1213, 889 N.E.2d 136, 2008-Ohio-2700.

{2} Upon remand from the Supreme Court of Ohio, this Court was asked to consider whether this court's ruling on defendant-appellant's sole assignment of error, concerning the trial court's overruling of his post-sentence motion to withdraw his negotiated guilty plea, should be modified in light of *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224. See, *State v. Aleshire* (June 11, 2008), 2008-Ohio-2700, 118 Ohio St.3d 1213, 889 N.E.2d 136. On remand, this Court upheld appellant's conviction and sentence. See, *State v. Aleshire,* Licking App. 2007-CA-1, 2008-Ohio-5688 ["Aleshire II"].

{3} In 2009, appellant filed a motion for new trial and an additional motion to withdraw his plea. The trial court denied the motion for a new trial and appellant again appealed to this Court (Case No. 09-CA-132). [*Aleshire III*]. In *Aleshire III,* this court remanded to the trial court because it failed to give full and fair consideration to appellant's motion to withdraw his guilty plea based on newly discovered evidence.

{4} While that appeal was pending, appellant filed a Motion for Re-sentencing. Via Judgment Entry filed February 4, 2010, the trial court denied the motion for the stated reason it lacked jurisdiction. This Court remanded to the trial court because the trial court elected to exercise its jurisdiction by denying the appellant's motion for re-sentencing during the pendency of the prior appeal. *State v. Aleshire,* Licking App. 2010-CA-17, 2010-Ohio-4262. ["Aleshire IV].

{5} On April 26, 2011, appellant filed a "Motion to Vacate Void Judgment" which the trial court denied June 20, 2011.

{6} It is from the trial court's June 20, 2011 Judgment Entry that appellant has appealed raising the following as his sole Assignment of Error,

{7} "I. THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION TO VACATE VOID JUDGMENT."

I.

{8} Appellant first argues that the trial court could not re-sentence him on the three counts of sexual imposition because he had already completed his sentence on those charges. [Appellant's Brief at 6]. We disagree.

{9} Pursuant to *State v. Fischer,* 128 Ohio St. 3d 92, 2010– Ohio– 6238, the scope of the re-sentencing hearing was limited to the proper imposition of post-release control. In *Fischer,* the Supreme Court of Ohio held that when a defendant receives a sentence that does not properly include post-release control, "that *part* of the sentence is void and must be set aside. Neither the Constitution nor common sense commands anything more." *Fischer* at ¶ 26. (Emphasis sic.) Thus, the Supreme Court modified its earlier decision in *Bezak* to clarify that "only the offending portion of the sentence is

subject to review and correction." *Fischer* at ¶ 27. Pursuant to *Fischer,* "[t]he new sentencing hearing to which an offender is entitled * * * is limited to proper imposition of post-release control." *Fischer* at paragraph two of the syllabus. The *Fischer* court reasoned, "the post-release-control component of the sentence is fully capable of being separated from the rest of the sentence as an independent component, and the limited resentencing must cover only the post-release control." Id. at ¶ 17. Thus, "only the postrelease-control aspect of the sentence * * * is void and * * * must be rectified," and "[t]he remainder of the sentence, which the defendant did not successfully challenge, remains valid under the principles of res judicata." Id.

{10} In the case at bar, appellant received an identical sentence to the one imposed on his original plea with the only exception being the notification of five years of mandatory post-release control. Under *Fisher,* all other parts of appellant's sentence were valid and remained in full force and effect. Thus, appellant cannot demonstrate prejudice from the trial court's sentencing in the present case. He is in the same position he would have been in had the trial court held a *Fisher* hearing to simply advise him of post-release controls.

{11} Appellant concedes that he remains incarcerated for one count of rape. [Appellant's Brief at 6]. Thus, the imposition of five years mandatory post-release control was proper. R.C. 2967.28(B)(1). Further, in the case at bar, the trial court granted appellant appropriate credit for time he has been incarcerated upon his sentence. (Sent. Dec. 7, 2010 at 31].

{12} Appellant next argues that the trial court did not afford him his right to address the court pursuant to R.C. 2929.19(A). [Appellant's Brief at 7]. We disagree.

{13} R.C. 2929.19 states, in relevant part:

{14} "(A) The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or 2953.08 of the Revised Code. At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender."

{15} In the case at bar, appellant, appellant's attorney and appellant's wife each addressed the court prior to re-sentencing. (T. Dec. 7, 2010 at 16-17, 17-20; 25-26; 26-28). Thus, appellant's assertions to the contrary in the present appeal are feckless.

{16} Appellant next argues that he was entitled to a hearing before the trial court overruled his November 1, 2006 and December 7, 2010 Motion to Withdraw Plea of Guilty. [Appellant's Brief at 10]. We disagree.

{17} In *Aleshire III,* this court remanded to the trial court because it failed to give full and fair consideration to defendant's motion to withdraw his guilty plea based on newly discovered evidence. Upon remand, the trial court overruled this motion by Judgment Entry filed October 19, 2010.

**{18}** On December 7, 2010 appellant filed a pro se motion to withdraw his guilty plea. Also on that date, appellant's trial counsel filed a motion to withdraw appellant's plea. The motions raised identical grounds. Both motions raised identical issues to the November 1, 2006 motion. The trial court denied both of appellant's motions. (T. December 7, 2010 at 12).

**{19}** Three of the grounds asserted in appellant's motions concerned the advisement of post-release controls and the jointly recommended sentence. In *Aleshire I,* we found appellant has failed to establish a manifest injustice warranting the withdrawal of his guilty plea with respect to his advisement by the trial court concerning post-release control. Id. at ¶25. In *Aleshire II*, this Court found "the trial court substantially complied with the requirements of Crim.R. 11(C)(2) and that appellant was not prejudiced by the failure to mention during the plea portion of the hearing that he was subjected to mandatory post-release control." Id. at ¶20.

**{20}** In the case at bar, appellant received an identical sentence to the one imposed on his original plea with the only exception being the notification of five years of mandatory post release control. Under *Fisher,* all other parts of appellant's sentence were valid and remained in full force and effect. Thus, appellant cannot demonstrate prejudice from the trial court's sentencing in the present case.

**{21}** Further appellant's arguments concerning his sexual offender classification are moot. *State v. Williams*, 129 Ohio St.3d 344, 952 N.E.2d 1108, 2011-Ohio-3374. [Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws].

**{22}** We believe that under *Fisher,* the Ohio Supreme Court's most recent pronouncement on this issue, that appellant's motion to withdraw is analyzed as a post-sentence motion to withdraw, because all other parts of appellant's sentence remained in full force and effect.

**{23}** A trial court may allow the post-sentence withdrawal of a plea of guilty only to correct a manifest injustice. Crim. R. 32.1; *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of syllabus. Further, a reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. *State v. Caraballo* (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{24}** An evidentiary hearing on a post-sentence motion to withdraw a guilty plea "is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." *State v. Patterson,* Stark App. No.2003CA00135, 2004-Ohio-1569 (citing *State v. Blatnik* (1984), 17 Ohio App.3d 201, 204, 478 N.E.2d 1016). Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice. *State v. Laster,* Montgomery App. No. 19387, 2003-Ohio-1564.

**{25}** In the case at bar, appellant is not arguing that he maintained his innocence during the change of plea hearing with the trial court. *State v. Woodley* at ¶ 12. Thus, he made a conscious choice to enter into the plea. A guilty plea is a

complete admission of the defendant's factual guilt. See, *Aleshire I, supra* at ¶ 8."
*Aleshire III* at ¶58.

{26} The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. A manifest injustice has been defined as a "clear or openly unjust act." *State ex rel. Schneider v. Kreiner* (1998), 83 Ohio St.3d 203, 208, 699 N.E.2d 83. "Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Williams,* 10th Dist. No. 03AP-1214, 2004-Ohio-6123, at ¶ 5. Accordingly, under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. *Smith,* 49 Ohio St.2d at 264, 361 N.E.2d 1324.

{27} The Ohio Supreme Court in *State v. Stumpf* (1987), 32 Ohio St.3d 95, 512 N.E.2d 598, rejected a post-sentence motion to withdraw a plea even though the defendant presented evidence of his innocence. In that case, the defendant sought to withdraw his plea based on testimony made at a subsequent trial of another participant, which indicated the defendant who had pleaded guilty did not commit the shooting. The Court held:

{28} "A plea of guilty is a complete admission of guilt. By entering his guilty plea to the principal charge and to the specification under R.C. 2929.04(A)(3), appellant admitted that he murdered Mary Jane Stout for the purpose of avoiding detection, apprehension, trial or punishment for his crimes of attempted aggravated murder and aggravated robbery. Appellant makes no claim that his plea was not entered knowingly, intelligently, and voluntarily. The three-judge panel questioned

appellant extensively prior to accepting his guilty plea. He indicated that he made an informed and knowledgeable plea, with full realization as to its effect. Based upon appellant's guilty plea and the evidence adduced at his sentencing hearing, we cannot say that the panel abused its discretion or that appellant met his burden of showing that manifest injustice had occurred. Thus, we uphold the panel's decision not to permit appellant to withdraw his plea." Id. at 104-105, 512 N.E.2d 598.

{29} In the case at bar, as previously noted, the State indicated to the trial court that this was a negotiated plea[1]. (T. at 14). Appellant agreed. (*Id.*). After the State recited the underlying facts that led to appellant's indictment, the court inquired, "Mr. Aleshire, do you agree with the facts as presented?" (T. at 11). Appellant replied, "Your Honor, I have no exception."[2] (*Id.*). After being appraised of the ramifications of the guilty plea, appellant stated he understood the penalty. He also told the court that no promises were made to him to coerce him into entering the plea. Appellant further acknowledged that he was pleading guilty because he was guilty. (T. at 15).

{30} In the instant case, by pleading guilty, appellant admitted the allegations as set forth by the prosecutor. This Court has previously found that his plea was knowingly, intelligently, and voluntarily entered. To the extent that appellant raises

---

[1] Appellant was originally indicted on six counts of Unlawful Sexual Conduct with a Minor, felonies of the third degree which carried a minimum sentence of one year to a maximum sentence of five years for each count; one count of Rape, a felony of the first degree, with a minimum sentence of three years and a maximum sentence of ten years; and one count of Sexual Battery, also a felony of the third degree. Thus, appellant was facing, if convicted, a maximum potential sentence of forty-five (45) years' incarceration. In exchange for his plea of guilty, the State dismissed the Sexual Battery charge, and recommended a sentence of seven years. See, *Aleshire I* at ¶ 19.

[2] The evidence against appellant included not only the testimony of the two minor victims, but also inculpatory telephone conversations between appellant and one of the victims, and DNA evidence placing appellant's seamen on the carpet of the church in a location where one of the victims indicated that she and appellant had engaged in sexual activity. See, *Aleshire I* at ¶ 19.

issues in his Crim.R. 32.1 motion that were resolved in his previous appeal, those findings are res judicata. Under the doctrine of res judicata, a final judgment bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at trial or on appeal. *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 96, 671 N.E.2d 233, reaffirming *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus. "More specifically, a criminal defendant cannot raise any issue in a post sentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal. *State v. Reed,* Mahoning App. No. 04 MA 236, 2005-Ohio-2925, 2005 WL 1385711; *State v. Zinn,* Jackson App. No. 04CA1, 2005-Ohio-525, 2005 WL 318690; *State v. Robinson,* Cuyahoga App. No. 85266, 2005-Ohio-4154, 2005 WL 1926043; *State v. Rexroad,* Summit App. No. 22214, 2004-Ohio-6271, 2004 WL 2674605; *State v. Reynolds,* Putnam App. No. 12-01-11, 2002-Ohio-2823, 2002 WL 1299990; *State v. Wyrick* (Aug. 31, 2001), Fairfield App. No. 01 CA17, 2001 WL 1025811; *State v. Jackson* (Mar. 31, 2000), Trumbull App. No. 98-T-0182, 2000 WL 522440; *State v. Jeffries* (July 30, 1999), Wood App. No. L-98-1316, 1999 WL 550251." *State v. Brown,* supra 167 Ohio App.3d 242, 2006-Ohio-3266, at ¶ 7.

{31} However, the scope of the hearing upon a defendant's motion to withdraw his or her previously entered negotiated guilty plea is within the trial court's discretion. *State v. Wright* (June 19, 1995), Highland App. No. 94CA853; *State v. Davis,* Lawrence App. No. 05CA9, 2005-Ohio-5015. "Accordingly, the scope of the hearing should reflect the substantive merits of the motion." Id., citing *State v. Smith* (Dec. 10, 1992),

Cuyahoga App. No. 61464. "The motion to withdraw the plea must, at a minimum, make a prima facie showing of merit before the trial court need devote considerable time to it. This approach strikes a fair balance between fairness to the accused and the preservation of judicial resources." *Wright,* supra. "Bold assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit." *Smith,* supra.

{32} The record indicates that the trial court was aware of our mandate in *Aleshire III.*[3] The record contained the arguments of both parties as well as the Exhibits appellant submitted in support. We further note that when appellant was advised that he could receive a greater sentence in the event he was found guilty or chose to withdraw from his previously entered plea agreement, he abandoned his motions after consulting with his trial counsel. (T. at 24-25; 2627).

{33} Therefore, we find that the trial court did not err when it denied appellant's motion without conducting an oral hearing on the motion to withdraw appellant's guilty plea.

{34} Appellant next contends that the trial court improperly "bargained" with appellant. We disagree.

{35} The trial court informed appellant that he was sentenced in accordance with the negotiated plea agreement. (T. at 24). The court advised appellant that if he withdrew from the plea agreement the trial court was not bound to sentence appellant to the same term; the trial court could give appellant any sentence within the appropriate

---

[3] We also cautioned in *Aleshire III*, "It should be noted however, that this Court is not stating that appellant's motion to withdraw his guilty plea has merit or should be granted. We are only stating that the lower court needs to provide appellant with a full and fair consideration in order to determine the merit of his application for relief." Id. at n. 7.

sentencing range after considering the appropriate factors. (Id. at 24-25). These are correct statements of the law. Appellant's characterization of the trial court's actions is disingenuous and feckless.

{36} Finally, appellant argues that the trial court failed to advise him of his right to appeal at the conclusion of the December 7, 2010 re-sentencing hearing.

{37} In *Peguero v. United States,* 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999), the Supreme Court held that the district court's failure to advise the defendant of his right to appeal his sentence did not entitle him to collateral relief where he knew of his right to appeal and, thus, he suffered no prejudice by the omission.

{38} In the case at bar, we have herein addressed the issues appellant would have raised in an appeal from the trial court's December 10, 2010 re-sentencing Judgment Entry. Accordingly, appellant suffered no prejudice by the trial court's omission.

{39} For all the foregoing reasons, appellant's First Assignment of Error is overruled in its entirety.

{40}  Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE

_____

HON. PATRICIA A. DELANEY

WSG:clw 1209

[Cite as *State v. Aleshire*, 2012-Ohio-16.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LONNY J. ALESHIRE, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CA-73 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY