[Cite as *State v. Aleshire*, 2012-Ohio-772.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                              |   | JUDGES:                          |
|------------------------------|---|----------------------------------|
| STATE OF OHIO                | : | Hon. Patricia A. Delaney, P.J.   |
|                              | : | Hon. W. Scott Gwin, J.           |
| Plaintiff-Appellee           | : | Hon. Julie A. Edwards, J.        |
|                              | : |                                  |
| -vs-                         | : |                                  |
|                              | : | Case No. 2011-CA-99              |
| LONNY J. ALESHIRE, JR.       | : |                                  |
|                              | : |                                  |
| Defendant-Appellant          | : | O P I N I O N                    |

CHARACTER OF PROCEEDING:        Criminal appeal from the Licking County
                                Court of Common Pleas, Case No. 05-CR-
                                60

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         February 24, 2012

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

KENNETH W. OSWALT                       LONNY J. ALESHIRE, JR.
Licking County Prosectur                No. 508762
20 S. Second Street                     Chillicothe Correctional Inst.
Newark, OH 43055                        Box 5500
                                        Chillicothe, OH 45601

*Gwin, J.*

{¶ 1}   A complete history of appellant's underlying case and subsequent journey through the appellate process is set forth in *State v. Aleshire,* 5th Dist. No. 2011-CA-73, 2012-Ohio-16, 2012 WL 20526.

{¶ 2}   The instant appeal stems from appellant having filed a Petition for Post-Conviction Relief on July 6, 2011, which the trial court denied on August 30, 2011. The trial court found that appellant's petition was not timely filed and that the issues raised by appellant in his petition for post conviction relief were barred by the doctrine of res judicata.

{¶ 3}   Appellant assigns as error,

{¶ 4}   "THE TRIAL COURT ERRED WHEN IT FOUND THE APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WAS BARRED BY RES JUDICATA AND UNTIMELY FILED."

I.

{¶ 5}   Post conviction efforts to vacate a criminal conviction or sentence on constitutional grounds are governed by R.C. 2953.21, which provides:

{¶ 6}   "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

{¶ 7}  Pursuant to R.C. 2953.21(A) (2), a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

{¶ 8}  The record indicates appellant did file an appeal in this matter with a transcript. The transcript was filed in this Court in 2007. See, *State v. Aleshire,* 5th Dist. No. 2007–CA–1, 2007–Ohio–4446, 2007 WL 2446789. Therefore, under R.C. 2953.21(A) (2), appellant was required to file his petition " * * * one hundred eighty days after the date on which the trial transcript is filed in the court of appeals..."

{¶ 9}  However, appellant did not file his petition for post-conviction relief until July 6, 2011, which is well beyond the period provided for in the statute. Because appellant's petition was untimely filed, the trial court was required to entertain appellant's petition only if he could meet the requirements of R.C. 2953.23(A). This statute provides, in pertinent part:

{¶ 10} * * * [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:

{¶ 11} "(1) Either of the following applies:

{¶ 12} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.

{¶ 13} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶ 14} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable fact finder would have found the petitioner eligible for the death sentence."

{¶ 15} Appellant's argument does not rely on the language in R.C. 2953.23(A)(1)(a) that he "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief," rather appellant argues that because his case had been remanded for resentencing in December 2010, the time frame for filing a petition for post-conviction relief, essentially, starts to run again. We disagree.

{¶ 16} Pursuant to *State v. Fischer,* 128 Ohio St. 3d 92, 2010– Ohio–6238, the scope of the re-sentencing hearing was limited to the proper imposition of post-release control. Concerning R.C. 2953.23(A)(1)(b), we note that *Fischer* was not a decision by the United States Supreme Court, and therefore did not constitute recognition by the United States Supreme Court of a new federal or state right that applies retroactively to

persons in appellant's situation. *See, State v. Berry,* 10th Dist. No. 08AP-762, 2009-Ohio-1557 at 19; *State v. Smith*, 10th Dist. No. 09AP-46, 2009-Ohio-3244 at ¶10.

**{¶ 17}** In this case, appellant's petition was primarily directed at errors in the original proceedings, not the resentencing. Therefore, those errors should have been raised in a timely petition following his original conviction and sentence. *State v. Seals*, 8th Dist. No. 93198, 2010-Ohio-1980, 2010 WL 1795410, ¶ 10.

**{¶ 18}** Further, Ohio courts are unanimous in concluding that the time limit for filing a petition for post-conviction relief runs from the original appeal of the conviction. *State v. Davis,* 4th Dist. No. 10CA25, 2011-Ohio-1706, 2011 WL 1330675, ¶8, *State v. Piesciuk,* 12th Dist. No. CA2009-10-251, 2010-Ohio-3136, 2010 WL 265385, ¶ 12; *State v. Seals,* supra ¶ 7; *State v. Haschenburger,* 7th Dist. No. 08-MA-223, 2009-Ohio-6527, 2009 WL 4758813, ¶ 27. "To hold otherwise would extend [the time to file] 'well beyond the time limits set forth in R.C. 2953.21(A)(2) to an undetermined time in the future, all contrary to the intent of the legislature.'" *Piesciuk,* quoting *State v. Laws,* 10th Dist. No. 04AP283, 2004–Ohio–6446, 2004 WL 2757841, ¶ 6. See also, *State v. Gross,* Muskingum App. No. CT2006-0006, 2006-Ohio-6941, 2006 WL 3804532, ¶ 34.

**{¶ 19}** Therefore, the resentencing hearing and the subsequent resentencing entry in appellant's case did not extend the time to file a timely petition for post-conviction relief.

**{¶ 20}** Because appellant's petition for post-conviction relief was untimely filed under R.C. 2953. 21(A) (2) and fails to meet the narrow exceptions allowing for untimely filing provided by R.C. 2953.23(A), dismissal of the petition was appropriate. A court has no jurisdiction to hear an untimely petition for post-conviction relief unless the petitioner

meets the requirements in R.C. 2953.23(A). *State v. Demastry,* 5th Dist. No. 05CA14, 2005-Ohio-4962, 2005 WL 2300288, ¶ 15. (Citations omitted); *State v. Mong*, 5th Dist. No. 04CA50, 2005-Ohio-2008, 2005 WL 994705, ¶ 11; *State v. Reynolds,* 10th Dist. No. 08AP-1052, 2009-Ohio-2147, 2009 WL 1263646, ¶ 10.

**{¶ 21}** Finally, a trial court may also dismiss a petition seeking post-conviction relief if it determines that the doctrine of res judicata applies. *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233, 1996-Ohio-337. Res judicata bars a defendant who was represented by counsel from raising an issue in a petition seeking post-conviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. Id. at syllabus.

**{¶ 22}** Appellant, in his previous filings, has already challenged the effectiveness of trial counsel, the denial of the trial court to permit him to withdraw his plea, the re-sentencing on the three counts of sexual imposition, his right to address the court, and the trial court's alleged failure to inform him of his right to appeal. See, *State v. Aleshire,* 5th Dist. No. 2011-CA-73, 2012-Ohio-16, 2012 WL 20526. Appellant could have, but did not, raise in his direct appeal or subsequent appeals any claimed denial of his right to counsel during the initial appearance in 2005. Thus, the trial court's decision that res judicata also bars all of appellant's claims is correct.

**{¶ 23}** In summary, the trial court was correct in dismissing appellant's petition for post-conviction relief on the ground that, 1). The time limit for filing a petition for post-conviction relief runs from the original appeal of the conviction; and 2). Res judicata acts to bar further litigation regarding the issues raised in appellant's petition for post

conviction relief. *State v. Reynolds,* 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997); *Smith*, 2009-Ohio-3244 at ¶13.

{¶ 24} Appellant's sole assignment of error is overruled in its entirety.

{¶ 25} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By Gwin, J., and

Delaney, P.J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. JULIE A. EDWARDS

WSG:clw 0123

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LONNY J. ALESHIRE, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CA-99 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed.  Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. PATRICIA A. DELANEY

_____

HON. JULIE A. EDWARDS