[Cite as *State v. Johnson*, 2016-Ohio-4631.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 16AP-173 |
| | | (C.P.C. No. 90CR-1199) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Tracey L. Johnson, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 28, 2016

On brief: *Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

On brief: *Tracey L. Johnson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Tracey L. Johnson, appeals from a judgment of the Franklin County Court of Common Pleas denying his "motion to vacate void guilty plea." For the following reasons, we affirm.

{¶ 2} In 1990, Johnson pleaded guilty to one count of drug abuse, a fourth-degree felony. The trial court sentenced Johnson to one year in prison for the conviction. In October 1991, the trial court stayed the remainder of Johnson's prison sentence and placed him on probation for three years. In 1994, the trial court discharged Johnson from probation.

{¶ 3} In February 2015, Johnson filed a "Motion to find the guilty plea and the judgment entry void." In March 2015, the trial court summarily denied Johnson's February 2015 motion. In June 2015, Johnson moved for leave to file a delayed appeal

from the trial court's March 2015 judgment. In August 2015, this court denied Johnson's motion for leave.

{¶ 4} In November 2015, Johnson filed a "motion to vacate void guilty plea" in the trial court, arguing that he was not properly notified of the "possibility of a driver['s] license suspension as part of the maximum penalty." In January 2016, the trial court summarily denied Johnson's November 2015 motion. Johnson appeals from that denial and assigns the following error for our review:

> The trial court erred as a matter of law in not finding the guilty plea void, where the trial court never advised or imposed the mandatory driver's license suspension in violation of Crim.R. 11(c)(2).

{¶ 5} In his sole assignment of error, Johnson argues the trial court erred in not vacating his guilty plea because the trial court did not impose or advise him of the mandatory driver's license suspension. Johnson's assignment of error is without merit.

{¶ 6} The issue before this court is whether the trial court erred in denying Johnson's November 2015 motion. In that motion, Johnson moved to vacate his guilty plea on the alleged basis that the trial court violated Crim.R. 11(C)(2) by not properly notifying him of the possible penalty of a driver's license suspension. In this appeal, however, Johnson argues that the trial court should have permitted him to withdraw his guilty plea because the trial court did not properly notify him of the possible penalty of a driver's license suspension, *and* because the trial court erred by not imposing a driver's license suspension. Because Johnson did not argue in support of his November 2015 motion that his guilty plea was invalid because the trial court did not impose a driver's license suspension, that argument is waived and will not be considered in this appeal. *See, e.g.*, *Harding Pointe, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 13AP-258, 2013-Ohio-4885, ¶ 43 ("A party who fails to raise an argument in the trial court waives the right to raise it on appeal.").

{¶ 7} Johnson's argument that the trial court erred by not permitting him to withdraw his guilty plea because he was not informed of the possibility of a driver's license suspension is meritless. Pursuant to Crim.R. 32.1, a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the

defendant to withdraw his or her plea."  Thus, a "trial court may allow the post-sentence withdrawal of a plea of guilty only to correct a manifest injustice."  *State v. Aleshire*, 5th Dist. No. 2011-CA-73, 2012-Ohio-16, ¶ 23.  Johnson cannot demonstrate a manifest injustice.  Even if he was not informed of the possibility of a driver's license suspension sanction, that lack of knowledge was inconsequential because the trial court did not suspend his driver's license.

{¶ 8}   Because the trial court did not err in denying Johnson's "motion to vacate void guilty plea," Johnson's sole assignment of error is overruled.  Having overruled Johnson's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and BRUNNER, JJ., concur.

_____