DECISION AND JUDGMENT ENTRY
{¶ 1} Carlton Davis appeals the trial court's denial of his motion to withdraw his guilty plea and the sentences the court imposed. After pleading guilty to various drug charges, Davis was released on his own recognizance. When he did not show up for sentencing, Davis was indicted for failure to appear. While simultaneously being arraigned for the failure to appear and sentenced on the drug charges, Davis sought to withdraw his guilty plea. He was concerned the court would hold his failure to appear, which he contends was justified, against him in imposing sentence on the drug charges. But because Davis did not demonstrate that his plea was involuntarily entered or that the court failed to advise him of the rights he was waiving by pleading guilty, the court did not abuse its discretion by denying Davis's motion to withdraw his guilty plea prior to sentencing him on the drug charges.
 {¶ 2} Davis also argues that the court erred by imposing more than the minimum and consecutive sentences. We agree in part. The court's findings that more than the minimum sentence was appropriate because the shortest prison term would demean the seriousness of Davis's conduct and would not adequately protect the public from future crime by Davis are unsupported by the record, which does not contain a factual summary of the crimes Davis committed. But, the record does contain evidence that Davis previously served a prison term so he was not entitled to the presumption that a minimum sentence was appropriate. However, the court failed to make all of the requisite findings before imposing consecutive sentences and failed to state its reasons for those findings as required by R.C.2929.14(E)(4) and State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473. Therefore, we reverse that portion of the sentence and remand this matter for re-sentencing.
 {¶ 3} A grand jury indicted Davis on two counts of trafficking in (crack) cocaine in violation of R.C. 2925.03(A)(1)(C)(4)(a), fifth degree felonies, and four counts of trafficking in (crack) cocaine in violation of R.C. 2925.03(A)(1)(C)(c), fourth degree felonies. Davis initially pled not guilty to the charges, but later changed his plea to guilty. Under the plea agreement reached with the State, Davis agreed to cooperate with various law enforcement officers and provide them with information and testimony as needed. In exchange, the State agreed to recommend a sentence consistent with the extent of Davis's help and cooperation, but not to exceed seventeen months incarceration.
 {¶ 4} After Davis failed to show up for sentencing, a grand jury indicted him on one count of failure to appear. At the combined arraignment for failure to appear and sentencing on the drug trafficking charges, defense counsel moved to withdraw Davis's guilty plea to those charges, arguing that Davis was justified in not appearing at the original sentencing hearing because he was incarcerated in the Franklin County Jail. Defense counsel argued that the new charges would affect the court's sentence on the original charges and asked the court to allow Davis to withdraw his original guilty plea so all the charges could be considered together.
 {¶ 5} The court denied Davis's motion and sentenced Davis to eleven months incarceration each for counts one and two, and seventeen months incarceration each for counts three through six. The court ordered that counts one and two run concurrently, that counts three and four run concurrently, and that counts five and six run concurrently. However, the court ordered that each "set" of counts run consecutively to one another for a total incarceration period of 45 months.
 {¶ 6} Davis appealed the court's judgment, assigning the following errors:
Assignment of Error #1: The trial court abused its discretion in refusing to allow Defendant/Appellant to withdraw his guilty plea prior to sentencing.
Assignment of Error #2: The trial court erred in sentencing Defendant to prison for more than the minimum sentence authorized for the offense under the sentencing statute in the absence of any showing that Defendant had previously served a prison term or other factual showing required by the sentencing guidelines.
Assignment of Error #3: The trial court erred in sentencing Defendant to consecutive terms of imprisonment for the offenses charged.
 I. Motion to Withdraw {¶ 7} In his first assignment of error, Davis argues that the trial court abused its discretion by denying his pre-sentence motion to withdraw his guilty plea.
 {¶ 8} Crim.R. 32.1 allows a defendant to file a pre-sentence motion to withdraw a guilty plea. While a pre-sentence motion to withdraw a guilty plea should be freely and liberally granted, a defendant does not have an absolute right to withdraw a plea prior to sentencing. See State v. Xie
(1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. Instead, a trial court possesses discretion in deciding whether a reasonable and legitimate basis exists to justify granting the motion. See id. at paragraphs one and two of the syllabus. Thus, appellate review of a trial court's decision on a motion to withdraw a guilty plea is limited to whether the trial court abused its discretion. Id. at paragraph two of the syllabus. An abuse of discretion connotes more than an error of law or judgment. Rather, it implies that the trial court acted unreasonably, arbitrarily or unconscionably. See, e.g., id. at 527, 584 N.E.2d 715.
 {¶ 9} When presented with a pre-sentence motion to withdraw a guilty plea, the "trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. at paragraph one of the syllabus. This hearing is mandatory. See id.; State v. Wright (June 19, 1995), Highland App. No. 94CA853. InWright, we explained:
Without a hearing, it is not possible to determine whether a legitimate and reasonable basis exists for a motion to withdraw a guilty plea. Because a hearing is clearly required by Xie, supra, as the mechanism by which [the] trial court determines whether there is a reasonable and legitimate basis for a motion to withdraw a guilty plea, we hold that the denial of a hearing is reversible error as a matter of law.
 {¶ 10} Although Xie states that a hearing is mandatory, it does not define the type of hearing that is required. We have previously concluded that the hearing must comply with the minimum mandates of due process, i.e., the trial court must afford the defendant meaningful notice and a meaningful opportunity to be heard. See id. However, the scope of the hearing is within the trial court's discretion. See Wright.
"Accordingly, the scope of the hearing should reflect the substantive merits of the motion." Id., citing State v. Smith (Dec. 10, 1992), Cuyahoga App. No. 61464. "The motion to withdraw the plea must, at a minimum, make a prima facie showing of merit before the trial court need devote considerable time to it. This approach strikes a fair balance between fairness to the accused and the preservation of judicial resources." Wright. "Bold assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit." Smith, supra.
 {¶ 11} In State v. Wolfson, Lawrence App. No. 02CA28, 2003-Ohio-4440, the appellant stated at the start of her sentencing hearing that she wanted to withdraw her guilty plea because she was under the influence of prescribed medication that rendered her unable to understand the plea proceedings and because she mistakenly thought the court would sentence her to a drug rehabilitation program. The court inquired into the reasons the appellant asserted for withdrawing her plea and determined that they lacked substantive merit. Id. We concluded that the trial court did not err by denying the appellant's motion to withdraw her guilty plea even without conducting a full hearing. Id. at ¶ 21.
 {¶ 12} Likewise, we conclude that the trial court here sufficiently inquired into the reasons behind Davis's motion to withdraw his guilty plea and that no further hearing was required. The court allowed counsel for both parties, as well as Davis, to speak to the grounds for the motion. The court then found that Davis was informed of the charges and of the rights he was waiving at the time he entered the guilty plea. The court determined that Davis's motion to withdraw his plea did not pertain to the fact that he was not guilty of the drug charges, but that he simply wanted a "better deal."
 {¶ 13} Davis contends that the court's ruling denied him a realistic opportunity to rebut the charge that he had willfully failed to report for sentencing and that the court used this as a factor in the sentencing process. He also argues that the court improperly refused to abide by the plea agreement and sentence him to seventeen months incarceration based on an allegation that he did not cooperate with the prosecutor, which he could have rebutted if afforded a hearing.
 {¶ 14} Because the failure to appear charge occurred after Davis pled guilty to the drug trafficking charges, there was no need for the court to await resolution of the later charge before sentencing Davis in this case. And, there is little support for Davis's contention that the court considered the fact that Davis failed to appear when it sentenced him in this case. Although the court referred to Davis's failure to appear for sentencing, it was only in recognition of the fact that Davis "[was] in trouble while [he was] on the run," as evidenced by the fact that he admitted he was being held at the Franklin County Jail, not to increase Davis's sentence based on his failure to appear.
 {¶ 15} Although the prosecutor informed the court that Davis failed to cooperate with the authorities as he promised in his plea agreement, a fact Davis disputes, the State nonetheless recommended that Davis be sentenced to seventeen months incarceration as agreed to in the plea agreement. Defense counsel concurred with this suggestion. The court nonetheless elected to impose a greater sentence based on several factors. However, a court is not bound to accept the prosecution's recommended sentence as part of a negotiated plea agreement. In reDisqualification of Mitrovich (1990), 74 Ohio St.3d 1219, 1200 citingAkron v. Ragsdale (1978), 61 Ohio App.2d 107, 109.
 {¶ 16} We conclude that the trial court did not abuse its discretion by denying Davis's motion to withdraw his guilty plea. Davis did not argue that his plea was involuntary, that he was not guilty of the crimes he pled guilty to, or that the court failed to properly inform him of the rights he was waiving by pleading guilty. We agree with the trial court that the fact that Davis failed to appear at sentencing, regardless of the reason, is an insufficient basis for allowing him to withdraw his plea. Davis's first assignment of error is meritless.
 II. Sentencing {¶ 17} In his second and third assignments of error, Davis argues that the court erred by sentencing him to more than the minimum sentence and by imposing consecutive sentences.
 {¶ 18} When an appellate court reviews a trial court's sentencing decision, the reviewing court will not overturn the trial court's sentence unless the court "clearly and convincingly" finds that: (1) the sentence is not supported by the record; (2) the trial court imposed a prison sentence without following the appropriate statutory procedures; or (3) the sentence imposed was contrary to law. R.C. 2953.08(G)(1); Statev. McCain, Pickaway App. No. 01CA22, 2002-Ohio-5342. Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. See State v. Eppinger, 91 Ohio St.3d 158, 164,2001-Ohio-247, 743 N.E.2d 881; State v. Schiebel (1990), 55 Ohio St.3d 71,74, 564 N.E.2d 54.
 A. Minimum Sentence {¶ 19} Under R.C. 2929.14(B), courts presume the shortest authorized prison term is appropriate if the offender has not previously served a prison term. R.C. 2929.14(B). See, also, State v. Edmonson,86 Ohio St.3d 324, 325, 1999-Ohio-110, 715 N.E.2d 131. However, the trial court may impose a longer sentence if it finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. R.C. 2929.14(B)(2); Edmonson, supra. The trial court is not required to give specific reasons for finding that the minimum prison term is inappropriate. Edmonson, supra, at syllabus. However, the court must note on the record that it engaged in the analysis required under R.C.2929.14(B) and that it varied from the minimum sentence for at least one of the two sanctioned reasons. Id. at 326.
 {¶ 20} In his second assignment of error, Davis argues that the court erred by imposing more than the minimum sentence where there is no evidence that he had previously served a prison term. He also contends the record does not support the court's findings that the shortest prison term would demean the seriousness of his conduct and would not adequately protect the public from future crime by Davis. Davis notes there was no pre-sentence investigation in this case and that there is no evidentiary support for the court's findings.
 {¶ 21} The State argues that Davis's admission that he was being held in the Franklin County Jail is sufficient to demonstrate that he previously served a prison term. However, the State's argument ignores the distinction between serving time in a local jail and serving a prison sentence. Since R.C. 2929.14(B) specifically refers to a "prison term," time spent in jail does not meet the requirements of the statute.
 {¶ 22} The State also argues that the court did not err by failing to order a pre-sentence investigation ("PSI") as it was not required under Crim.R. 32.2 because the court did not sentence Davis to community control. We agree that the court was not required to order a PSI, although the court apparently did make such an order. However, Davis failed to report so the investigation was incomplete at sentencing and the court proceeded to impose a sentence. In any event, Davis does not argue that a PSI should have been completed — just that the court's findings lack evidentiary support, which may have been provided by a PSI.
 {¶ 23} Reluctantly, we must agree in part with Davis's contention. The record contains no explanation of the circumstances surrounding the crimes Davis committed, i.e. a police report or a description of the crimes proffered by the prosecutor and agreed to by Davis. Thus, there is no evidence in the record to support the court's finding concerning the seriousness of the conduct.
 {¶ 24} The court also found that the minimum sentence would not adequately protect the public from future crime. The only evidence of Davis's past criminal history contained in the record is a copy of Davis's NCIC criminal record that was provided to defense counsel as part of discovery in the case and filed with the court. The NCIC report reveals that Davis was convicted of felonious assault and sentenced to two years incarceration in May 2001, that he was convicted of theft and sentenced to six months incarceration in May 1991, and that he has been arrested for felonious assault, domestic violence, intimidation of a crime victim or witness, and aggravated arson. At the sentencing hearing, the court recognized that Davis had a "pretty good size wrap [sic] sheet" in an obvious reference to the NCIC report.
 {¶ 25} While Davis's two prior convictions arguably may not be enough to substantiate the finding concerning public protection, they do provide another basis for imposing more than the minimum sentence. The NCIC report provides evidence that Davis previously served a prison sentence for felonious assault so that the court did not need to presume that the shortest available prison sentence was appropriate. Under R.C. 2953.08(G) we may modify the court's sentence rather than remanding for resentencing in certain situations. See Griffin Katz, Ohio Felony Sentencing Law (2004 Ed.) Section 10:19. Accordingly, we modify the sentence to include a finding that the presumption of a minimum sentence does not apply.
 {¶ 26} We find no merit in Davis's second assignment of error.
 B. Consecutive Sentences {¶ 27} Generally, trial courts in Ohio must impose concurrent prison sentences. R.C. 2929.41(A). However, a trial court may impose consecutive prison sentences under R.C. 2929.14(E)(4), which sets forth a tri-partite procedure that the court must follow. First, a trial court must find that consecutive sentences are "necessary" to protect the public or to punish the offender. Second, a court must find that the proposed consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" that the offender poses. Third, a court must find the existence of one of the three enumerated circumstances in sub-parts (a) through (c), which provide:
(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
The court must make its three statutorily enumerated findings, and state the reasons supporting those findings, at the sentencing hearing.State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at paragraph one of the syllabus (R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c) interpreted).
 {¶ 28} In his third assignment of error, Davis argues that the court erred by imposing consecutive sentences because it never found that consecutive sentences were not disproportionate to the seriousness of Davis's conduct and to the danger he poses. Davis also argues that, although the court found that the imposition of consecutive sentences was necessary to protect the public, that the harm caused by the multiple offenses Davis committed was so great or unusual that no single prison term adequately reflected the seriousness of Davis's conduct, and that Davis's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by Davis, these findings are not supported by the record. Finally, Davis argues that many of the reasons the court cites in support of its findings have no factual basis.
 {¶ 29} We agree that the court erred by imposing consecutive sentences without finding that the consecutive sentences were not disproportionate to the seriousness of Davis's conduct and the danger that Davis posed. Therefore, we must reverse the court's imposition of consecutive sentences on this ground alone.
 {¶ 30} The court also failed to state its reasons for imposing consecutive sentences as required by Comer. Other than a brief reference to the fact that Davis was in trouble during the period he failed to appear for sentencing, the court stated no reasons in support of its findings under R.C. 2929.14(E)(4). The court made other factual findings during the sentencing hearing, but never indicated that it was relying on these findings in imposing consecutive sentences. See Comer at ¶ 21 ("While consecutive sentences are permissible under law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences."). Moreover, some of the court's findings have insufficient support in the record. For example, there is no evidence supporting the court's findings that Davis "acted for hire as part of organized criminal activity," or that "there's an alcohol or drug abuse pattern related to the offense and the offender hasn't acknowledged or refused treatment." Therefore, we find merit in Davis's third assignment of error.
 {¶ 31} We affirm the trial court's denial of Davis's motion to withdraw his guilty plea but reverse the sentence imposed by the trial court. We remand this matter to the trial court for resentencing.
Judgment affirmed in part, reversed in part, and cause remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED and that the Appellee and Appellant split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.