[Cite as *State v. Burchett*, 2013-Ohio-1815.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | Case No. 11CA3445 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND |
| | : | JUDGMENT ENTRY |
| TYLER BURCHETT, | : | |
| Defendant-Appellant. | : | RELEASED 04/30/2013 |

APPEARANCES:

Gene Meadows, Portsmouth, Ohio for Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney and Julie Cooke Hutchinson, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio for Appellee.

Hoover, J.

{¶ 1} This is an appeal from a judgment of the Common Pleas Court of Scioto County that denied appellant's motion to withdraw his guilty plea to one count of gross sexual imposition in violation of R.C. 2907.05. Appellant's motion to withdraw his guilty plea was made before the sentencing hearing. Although the parties seem to remember having a hearing on the motion to withdraw appellant's guilty plea, neither the trial court nor any of the parties are able to provide a transcript of the hearing on the motion to withdraw appellant's guilty plea. For the following reasons, the judgment of the trial court is reversed and the cause remanded so that the trial court may conduct an oral hearing upon appellant's motion to withdraw his guilty plea.

{¶ 2} Appellant sets forth one assignment of error:

"THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE

PREJUDICE OF THE DEFENDANT-APPELLANT WHEN THE TRIAL COURT

REFUSED TO ALLOW THE DEFENDANT-APPELLANT TO WITHDRAW THE

PLEA OF GUILTY."

{¶ 3} The record reveals the following facts. On March 23, 2010, appellant Tyler

Burchett was indicted on one count of gross sexual imposition, a third degree felony, in violation

of R.C. 2907.05. On September 16, 2010, appellant entered a plea of guilty to the indictment

charged. A pre-sentence investigation for placement in a community based correctional facility

was issued. A sentencing hearing was scheduled for June 2, 2011.

{¶ 4} When the sentencing hearing was originally scheduled, the trial court announced to

the parties that appellant was not accepted into a community control based correctional facility.

The sentencing did not take place at this time. Thereafter, the appellant raised the issue of

competency; and he later filed a motion to withdraw his guilty plea on July 13, 2011.

{¶ 5} A hearing was scheduled for July 20, 2011 on appellant's motion to withdraw

guilty plea; however, a transcript does not exist for this Court to review. It is unclear whether an

oral hearing took place or not. The trial court denied appellant's motion to withdraw his plea on

August 1, 2011. The court then sentenced the appellant on August 10, 2011, to four years in the

appropriate correctional facility and five years community control. Appellant timely filed this

appeal.

{¶ 6} In his sole assignment of error, appellant contends that the trial court abused its

discretion when it refused to allow appellant to withdraw his plea of guilty. Appellant argues that

since the negotiated plea deal could not be enforced, he should have been allowed to withdraw

his plea.

{¶ 7} Under Ohio law, "a motion to withdraw a plea of guilty or no contest may be made

only before sentence is imposed; but to correct manifest injustice the court after sentence may set

aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. While a presentence motion to withdraw a guilty plea should be freely and liberally granted, a defendant does not have an absolute right to withdraw a plea prior to sentencing. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *Id.* at paragraph one of the syllabus.

{¶ 8} The standard of review in this case is whether the trial court abused its discretion in making its ruling in denying appellant's motion to withdraw his guilty plea. "Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. For this court to find an abuse of discretion in this case, more than an error of judgment must be found. We must find that the trial court's ruling was 'unreasonable, arbitrary or unconscionable.'" *Id.*, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 9} When reviewing whether a trial court abuses its discretion in deciding a defendant's motion to withdraw a guilty plea, we must consider several factors: (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim. R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Griffin*, 141 Ohio App.3d 551, 554, 752 N.E.2d 310 (7th Dist.2001). See, e.g. *State v. McNeil*, 146 Ohio App.3d 173, 176, 756 N.E.2d 885 (1st Dist.2001); See, also *State v. Harmon*, 4th Dist. No. 04-CA-22, 2005-Ohio-1974, 22.

{¶ 10} Appellant gave notice of this appeal on August 30, 2011. This court found a discrepancy in the record as to whether a hearing occurred upon appellant's motion to withdraw his guilty plea. The trial court record demonstrates that a hearing was scheduled for July 20, 2011; but the trial court reporter does not have a record that a hearing occurred. As a result, we are unable to review the record and consider the factors pursuant to *Harmon,* in determining whether or not the trial court abused its discretion in denying appellant's motion to withdraw his guilty plea.

{¶ 11} We sought clarification from the trial court under App. R. 9(E) regarding whether a hearing took place. An entry was filed on November 13, 2012, that stated as follows:

> [P]ursuant to App. R. 9(E), we hereby **ORDER** the following: (1) If a hearing
> was held on Burchett's motion to withdraw his guilty plea, we **ORDER** the trial
> court to supplement the record with a transcript of the hearing within 20 days. (2)
> if a hearing on Burchett's motion to withdraw his guilty plea was not held, we
> **ORDER** the trial court to issue an entry within 10 days stating that a hearing was
> not held on Burchett's motion to withdraw his guilty plea.

{¶ 12} On March 1, 2013, the trial court confirmed that no transcript of a hearing on the motion to withdraw appellant's guilty plea exists. The court noted that both counsel for appellant and the prosecuting attorney believe a hearing took place; however, the trial court is unable to verify a date or provide a transcript.

{¶ 13} Pursuant to the Ohio Supreme Court's decision in *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992), a hearing upon the motion to withdraw a guilty plea must be conducted. In order for this court to review whether the trial court abused its discretion, we must

have some record of the proceeding.  The record should disclose what actually happened.  We should not presume that the hearing occurred if there is no transcript of the hearing especially when the trial court states in its own judgment entry that "…the parties all remember discussing the case and the reasons for the withdraw but it appears these discussions were conducted in chambers and not on the record."

{¶ 14} This Court is not commenting on the merits of the appellant's actual motion to withdraw his guilty plea.  Although discussions may have taken place in the trial court's chambers, the discussions do not amount to the hearing in which the appellant was able to be present and in which he was able to participate.  This Court does not believe that the discussions in chambers satisfy the *Xie* requirement that a hearing be conducted.

{¶ 15} The trial court apparently was aware of the requirement that a hearing must be held as it even cited specifically to *Xie* in its decision.  In addition, no statements of the evidence or proceedings are in the record for this Court to review.  The parties also failed to submit an agreed statement pursuant to App.R. 9(D).

{¶ 16} Without a statement of the evidence or proceedings, an agreed statement or a transcript of the hearing on the motion to withdraw the guilty plea, we are unable to complete an appropriate appellate review of the trial court's determination of "whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie* at paragraph one of the syllabus.

{¶ 17}  Therefore, we reverse the judgment of the trial court and remand the cause in order for the trial court to conduct a hearing on the record upon appellant's motion to withdraw his guilty plea.

**JUDGMENT REVERSED AND CAUSE REMANDED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and the CAUSE REMANDED for the trial court to conduct an oral hearing on the appellant's motion to withdraw his guilty plea. Appellee shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty (60) days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty (60) day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty (60) days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment and Opinion.
McFarland, P.J.: Dissents.

For the Court

By:_____
        Marie Hoover, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.