[Cite as *State v. Nance*, 2018-Ohio-2637.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 18CA7 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| DAVID L. NANCE, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 06/27/18** |

_____

APPEARANCES:

Charles H. Knight, Pomeroy, Ohio, for Appellant.

James K. Stanley, Meigs County Prosecuting Attorney, Pomeroy, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Appellant David L. Nance entered guilty pleas in the Meigs County Court of Common Pleas to three counts: (1) tampering with evidence, R.C. 2923.02(A) and 2921.12(A)(1); (2) permitting drug abuse, R.C. 2925.13(B)(1); and (3) possession of drugs, 2925.11(A). He subsequently filed a motion to withdraw his guilty pleas and now appeals the judgment entry of conviction, journalized February 7, 2018, on the basis that the trial court erred and abused its discretion in denying his motion to withdraw his guilty pleas. Based upon our review of the record, we find

Appellant's arguments have merit.  Accordingly, we sustain the first assignment of error, reverse the judgment of the trial court, and remand for further proceedings consistent with this opinion.

FACTS

{¶2} On March 16, 2017, Appellant was indicted by the Meigs County Grand Jury on three counts: (1) tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree; (2) permitting drug abuse, R.C. 2925.13(B)(1), a misdemeanor of the first degree; and (3) possession of drugs, in violation of R.C. 2925.11(A)& (C) (4) (a), a felony of the fifth degree.  The record indicates the indictment arose subsequent to an overdose death which occurred at Appellant's home in Syracuse, Ohio, in March 2016.  Appellant pleaded not guilty to all counts.

{¶3} After the pretrial proceedings commenced and the parties exchanged discovery, the record indicates Appellant changed his pleas on October 12, 2017.  On that date, Appellant entered guilty pleas to an amended count one (attempted tampering with evidence) and the other two counts.  He also executed a waiver of jury trial and acknowledgment of rights.  The matter was set for sentencing in November 2017.  On November 27, 2017, he requested a transcript of the October 12, 2017 plea hearing.

{¶4} An entry dated January 18, 2018 reflects that Appellant's sentencing was rescheduled to February 5, 2018.  The entry reads: "Met off record.  Defendant was present."  On January 26, 2018, Appellant filed a motion to withdraw his plea pursuant to Crim.R. 32.1.

{¶5} In Appellant's motion, several facts were highlighted.  Appellant pointed out that he was absent from his home when the overdose death occurred over one year prior to his indictment.[1]  He emphasized his complete cooperation with authorities.  Substantial negotiations had occurred and Appellant's only prior criminal record was over 10 years old.  Appellant cited his lack of understanding of the plea, his psychological difficulties, and indicated he would assert a valid defense.  Appellant concluded by arguing that there would be no prejudice to the State of Ohio if the plea were to be vacated.

{¶6} On February 5, 2018, the trial court verbally denied Appellant's motion to withdraw and proceeded to sentence Appellant to an eighteen-month prison sentence for amended count one, a suspended 180-day jail sentence as to count two, and five years of community control (with an underlying sentence of twelve months) as to count three.  On February 6, 2018, the trial court journalized an entry denying Appellant's motion.  On

---

[1] Appellant pointed out a "subsequent prosecutor" was handling the case.

February 7, 2018, the trial court journalized its judgment entry of sentence.

On February 22, 2018, the trial court journalized an amended judgment

entry.[2]

{¶7} This timely appeal followed.  Additional facts are set forth

below, where pertinent.

ASSIGNMENTS OF ERROR

I.    "THE TRIAL COURT ERRED IN FAILING TO
      CONDUCT A MANDATORY HEARING ON
      DEFENDANT-APPELLANT'S PRE-SENTENCE
      MOTION TO WITHDRAW A GUILTY PLEA.

II.   THE TRIAL COURT'S DENIAL OF APPELLANT'S
      MOTION FOR WITHDRAW OF PLEA WITHOUT A
      MANDATORY HEARING AND WITHOUT
      CONSIDERATION DENIED DEFENDANT-
      APPELLANT HIS CONSTITUTIONAL RIGHT TO
      TRIAL BY JURY."

{¶8} Appellant challenges the trial court's decision which denied his

pre-sentence motion to withdraw his guilty pleas.  He first asserts the trial

court erred in failing to conduct a mandatory hearing on his motion and, as a

result, his due process rights were violated.  Secondly, he asserts that the

trial court's error and abuse of discretion in failing to conduct a hearing

violated his constitutional right to a trial by jury.  Because these matters are

interrelated, we consider Appellant's assignments of error jointly.

---

[2] The amended entry reflected that count one was amended to an "attempt" to tamper with evidence.

STANDARD OF REVIEW

{¶9} Trial courts possess discretion when deciding whether to grant or to deny a presentence motion to withdraw a guilty plea. *State v. Howard*, 4th Dist. Scioto No. 16CA3762, 2017-Ohio-9392, at ¶ 20; *State v. Xie,* 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph two of the syllabus.  Thus, absent an abuse of discretion, appellate courts will not disturb a trial court's ruling concerning a motion to withdraw a guilty plea. *Id.* at 527, 584 N.E.2d 715.  An "abuse of discretion" means that the court acted in an " 'unreasonable, arbitrary, or unconscionable' " manner or employed " 'a view or action that no conscientious judge could honestly have taken.' " *Howard, supra, quoting State v. Kirkland,* 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67, quoting *State v. Brady,* 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23.  Moreover, a trial court generally abuses its discretion when it fails to engage in a " 'sound reasoning process.' " *Howard, supra,* quoting *State v. Morris,* 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).  Additionally, "[a]buse-of-discretion review is deferential and does not permit an appellate court to simply substitute its

judgment for that of the trial court." *Howard, supra, quoting State v.*

*Darmond,* 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

## LEGAL ANALYSIS

{¶10} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or

no contest may be made only before sentence is imposed; but to correct

manifest injustice the court after sentence may set aside the judgment of

conviction and permit the defendant to withdraw his or her plea."  Crim.R.

32.1 permits a defendant to file a motion to withdraw a guilty plea before

sentence is imposed.  While trial courts should "freely and liberally" grant a

presentence motion to withdraw a guilty plea, a defendant does not "have an

absolute right to withdraw a guilty plea prior to sentencing." *Howard, supra,*

at ¶ 21, quoting *Xie,* 62 Ohio St.3d at 527, 584 N.E.2d 715; *accord State v.*

*Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 57; *State v.*

*Spivey,* 81 Ohio St.3d 405, 415, 692 N.E.2d 151 (1998); *State v. Wolfson,*

4th Dist. Lawrence No. 02CA28, 2003-Ohio-4440, at ¶ 14.  Instead, "[a]

trial court must conduct a hearing to determine whether there is a reasonable

and legitimate basis for the withdrawal of the plea." *Howard, supra*, quoting,

*Xie* at paragraph one of the syllabus; *accord State v. Boswell,* 121 Ohio St.3d

575, 906 N.E.2d 422, 2009-Ohio-1577, ¶ 10, superseded by statute on other

grounds as stated in *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958.

{¶11} While a trial court possesses discretion to determine whether to grant or to deny a presentence motion to withdraw a guilty plea, it does not have discretion to determine if a hearing is required. *Howard,* at ¶ 22. *See Wolfson* at ¶ 15. Instead, a trial court has a mandatory duty to hold a hearing regarding a presentence motion to withdraw a guilty plea. *Howard, supra*; *Xie* at paragraph one of the syllabus; *State v. Leonhart,* 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, at ¶ 50; *State v. Burchett,* 4th Dist. Scioto No. 11CA3445, 2013-Ohio-1815, at ¶ 13; *State v. Davis,* 4th Dist. Lawrence No. 05CA9, 2005-Ohio-5015, at ¶ 9; *Wolfson* at ¶ 15; *State v. Wright,* 4th Dist. Highland No. 94CA853, 1995 WL 368319 (June 19, 1995).

{¶12} In support of Appellant's arguments that he was denied an opportunity to be heard and full consideration of his motion, he argues:

(1) his motion was filed pre-sentence;

(2) the motion set forth his mental challenges; and,

(3) there is a substantial likelihood of a not guilty finding at trial due to the existence of certain defenses.

{¶13} This court in *Howard,* and other appellate courts, have identified nine factors that appellate courts should consider when reviewing a trial court's decision regarding a presentence motion to withdraw a guilty

plea: (1) whether "highly competent counsel" represented the defendant; (2) whether the trial court afforded the defendant "a full Crim.R. 11 hearing before entering the plea"; (3) whether the trial court held "a full hearing" regarding the defendant's motion to withdraw; (4) "whether the trial court gave full and fair consideration to the motion"; (5) whether the defendant filed the motion within a reasonable time; (6) whether the defendant's motion gave specific reasons for the withdrawal; (7) whether the defendant understood the nature of the charges, the possible penalties, and the consequences of his plea; (8) whether the defendant is "perhaps not guilty or ha[s] a complete defense to the charges"; and (9) whether permitting the defendant to withdraw his plea will prejudice the state. *Id.* at 24. *State v. McNeil,* 146 Ohio App.3d 173, 176, 765 N.E.2d 884 (1st Dist. 2001), citing *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist. 1980), and *State v. Fish,* 104 Ohio App.3d 236, 240, 661 N.E.2d 788 (1st Dist. 1995); *e.g., State v. Jones,* 10th Dist. Franklin No. 15AP-530, 2016-Ohio-951, at ¶ 14; (internal citations omitted.).

{¶14} "The ultimate question is whether there exists a 'reasonable and legitimate basis for the withdrawal of the plea.' " *Howard, supra,* quoting *State v. Delpinal,* 2nd Dist. Clark Nos. 2015–CA–97 and 2015CA98, 2016 Ohio 5646, at ¶ 9, quoting *Xie*, 62 Ohio St.3d at 527, 584 N.E.2d 715;

*accord Crawford* at ¶ 12.  A mere change of heart is not a legitimate and

reasonable basis for the withdrawal of a plea. *Howard, supra*. *E.g.,*

*Campbell at* ¶ 7; *Harmon* at ¶ 22.

**{¶15}** After considering the above-referenced factors, our review of

the transcript indicates that Appellant had highly competent counsel; that he

had a full Crim.R. 11 hearing; that his motion was filed within a reasonable

time; that he set forth specific reasons for withdrawal; and that he had

possible defenses to the charges.  Given the fact that Appellant was indicted

over a year later, we find little likelihood of prejudice to the State.  However,

upon review of the transcript, we cannot say that there was a "full" hearing

on the motion, and this causes us to question whether the motion was given

full consideration.

**{¶16}** Citing *Wright, supra,* at *5, we explained in *State v. Elkins,*

2016-Ohio-6579, 77 N.E.3d 360 at ¶9:

> "Without a hearing, it is not possible to determine whether a
> legitimate and reasonable basis exists for a motion to withdraw
> a guilty plea. Because a hearing is clearly required by *Xie,*
> *supra,* as the mechanism by which [the] trial court determines
> whether there is a reasonable and legitimate basis for a motion
> to withdraw a guilty plea, we hold that the denial of a hearing is
> reversible error as a matter of law."

**{¶17}** In *Wolfson,* we also explained that although a trial court "must

afford the defendant meaningful notice and a meaningful opportunity to be

heard," the court nonetheless retains discretion to define the scope of the hearing so as to " 'reflect the substantive merits of the motion.' " *Id.* at ¶ 16, quoting *Wright* at \*6, and citing *State v. Smith,* 8th Dist. Cuyahoga No. 61464, 1992 WL 369273 (Dec. 10, 1992), \*5. Additionally, a trial court need not necessarily "schedule a separate hearing" in order to comply with minimum due process standards. *State v. Glavic,* 143 Ohio App.3d 583, 589, 758 N.E.2d 728 (11th Dist.2001). Instead, as long as a trial court affords a defendant "an opportunity at a hearing to assert to the court the reasons why the [defendant] should be able to withdraw his plea, he has been given a 'full and actual hearing on the merits.' " *State v. Maistros,* 8th Dist. Cuyahoga No. 43835, 1982 WL 5253 (Mar. 25, 1982), \*3, quoting *State v. Bates,* 8th Dist. Cuyahoga No. 31310 (April 28, 1972), pg. 2; accord *State v. Hall*, 8th Dist. Cuyahoga No. 55289, 1989 WL 42253 (Apr. 27, 1989), \*2. "We further point out that a trial court need not conduct a full evidentiary hearing if the defendant fails to 'make a prima facie showing of merit \* \* \*.' " *Elkins, supra*, at ¶ 11.

{¶18} In *Elkins,* we observed that the trial court did not conduct any inquiry into appellant's oral, presentence request to withdraw his guilty plea. Instead, the court stated that appellant should file a written motion to withdraw his guilty plea and then proceeded to sentence appellant without

conducting any inquiry into the reasons appellant wished to withdraw his plea. We therefore found the court's failure to conduct any inquiry into appellant's request to withdraw his guilty plea did not comply with the minimum due process standards.

{¶19} In Appellant's case, the trial court had the opportunity to have reviewed Appellant's previously filed motion to withdraw for several days beforehand. When Appellant's counsel broached the matter of the motion to withdraw at sentencing, it was addressed in summary fashion as follows:

Attorney Knight:     Uh, Your Honor, we do have a pending motion.

The Court:           Well we're going to deny that motion.

Attorney Knight:     We would ask for a hearing on the motion or at least a submission of the transcript which was attached to make it part of the record.

The Court:           Sure, absolutely. Absolutely. Uh, as to the sentencing?

* * *

{¶20} The above exchange reflects the extent of Appellant's opportunity to be heard on his motion to withdraw. It is true that Appellant may simply have had a change of heart when he discovered he was receiving an actual prison sentence. Had the trial court inquired even briefly, the record might support such a finding. The trial court was certainly within its

discretion to conduct the motion hearing and sentencing hearing at the same time.

{¶21} Arguably the court had time to review the written motion and to give it full and fair consideration prior to the sentencing hearing.  However, given the summary nature of the brief discussion of the motion to withdraw, the record does not support a finding that Appellant was given a real opportunity to be heard on his motion to withdraw his pleas and to present any evidence in the matter.

{¶22} For the foregoing reasons, we find the trial court abused its discretion by failing to hold a mandatory hearing on Appellant's motion to withdraw his guilty pleas.  As such, we sustain Appellant's first assignment of error and the second assignment of error is hereby rendered moot. Accordingly, we reverse the trial court's judgment and remand this matter with instructions to conduct a hearing that complies with due process standards. *State v. Xie,* 62 Ohio St.3d 521, 584 N.E.2d 715 (1992).

**JUDGMENT REVERSED AND
CAUSE REMANDED FOR
PROCEEDINGS CONSISTENT
WITH THIS OPINION.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.  Costs be assessed to Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.:  Concur in Judgment and Opinion.

For the Court,


BY:  _____
Matthew W. McFarland


**NOTICE TO COUNSEL:      Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**