[Cite as *State v. Curtis*, 2019-Ohio-1108.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

STATE OF OHIO,                    :

                                    :       Case No. 18CA12

      Plaintiff-Appellee,          :

                                      :

      vs.                               :      <u>DECISION AND JUDGMENT</u>
                                      :      <u>ENTRY</u>

MELODY D. CURTIS,                :

                                      :

      Defendant-Appellant.        :      **Released: 03/20/19**

_____

APPEARANCES:

Steven H. Eckstein, Washington Court House, Ohio, for Appellant.

James K. Stanley, Meigs County Prosecuting Attorney, Pomeroy, Ohio, for Appellee.

_____

McFarland, J.

{¶1} This is an appeal from a Meigs County Court of Common Pleas judgment entry convicting Appellant, Melody Curtis, of one count of illegal cultivation of marijuana, a fifth-degree felony in violation of R.C. 2925.04(A), which was issued after the trial court verbally denied her pre-sentence motion to withdraw her guilty plea. On appeal, Appellant contends 1) the trial court erred in failing to conduct a mandatory hearing on her pre-sentencing motion to withdraw her guilty plea; and 2) trial counsel rendered constitutionally ineffective assistance in violation of her rights under the

Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Ohio Constitution. Because we conclude the trial court erred and abused its discretion in failing to hold a hearing prior to denying Appellant's motion to withdraw her guilty plea, Appellant's first assignment of error is sustained. Further, in light of our disposition of Appellant's first assignment of error, Appellant's second assignment of error has been rendered moot and we do not address it. Accordingly, the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.

### FACTS

{¶2} On July 12, 2017, Appellant was indicted by the Meigs County Grand Jury on two counts: 1) illegal cultivation of marijuana, a fifth-degree felony in violation of R.C. 2925.04(A) & (C)(5)(c); and 2) one count of possession of marijuana, a fifth-degree felony in violation of R.C. 2925.11(A) & (C)(3)(c). Appellant initially pleaded not guilty to the charges, but then entered into a plea agreement with the State whereby she would plead guilty to one count of illegal cultivation of marijuana in exchange for the dismissal of the possession of marijuana charge. A change of plea hearing was held on December 14, 2017, where the trial court

accepted Appellant's guilty plea to illegal cultivation of marijuana. A sentencing hearing was then scheduled for January 24, 2018.

{¶3} A review of the record reveals that although both parties appeared for the scheduled sentencing hearing on January 24, 2018, the hearing was rescheduled by the trial court due to the court desiring to obtain more information about Appellant and the charges filed against her prior to imposing sentencing. The transcript from the January 24th hearing demonstrates there was a discussion between the court and counsel regarding the number of marijuana plants that were recovered at the time Appellant was arrested. The sentencing hearing was ultimately rescheduled for February 21, 2018.

{¶4} Appellant, however, filed a motion to withdraw her guilty plea just prior to the start of the scheduled sentencing hearing on February 21st. Appellant's motion alleged the affirmative defense of personal use in regards to the charges contained in the indictment. The record indicates the trial court verbally denied the motion, without holding a hearing, and then proceeded to Appellant's sentencing. Appellant now appeals the judgment of the trial court, assigning two errors for our review.

ASSIGNMENTS OF ERROR

"I.   THE TRIAL COURT ERRED IN FAILING TO CONDUCT A
     MANDATORY HEARING ON DEFENDANT-APPELLANT'S
     PRE-SENTENCE MOTION TO WITHDRAW A GUILTY PLEA.

II.   TRIAL COUNSEL RENDERED CONSTITUTIONALLY
     INEFFECTIVE ASSISTANCE IN VIOLATION OF CURTIS'
     RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH
     AMENDMENTS TO THE UNITED STATES CONSTITUTION
     AND OHIO CONSTITUTION ARTICLE I, §§ 5, 10 AND 16."

ASSIGNMENT OF ERROR I

{¶5} In her first assignment of error, Appellant contends that the trial

court erred in failing to conduct a mandatory hearing on her pre-sentence

motion to withdraw her guilty plea.  The State concedes the trial court erred

in failing to conduct a hearing.  Accordingly, for the following reasons and

also in light of the State's concession, Appellant's first assignment of error is

sustained.

STANDARD OF REVIEW

{¶6} Trial courts possess discretion when deciding whether to grant or

to deny a presentence motion to withdraw a guilty plea. *State v. Howard*,

2017-Ohio-9392, 103 N.E.2d 108, ¶ 20 (4th Dist.); *State v. Xie*, 62 Ohio

St.3d 521, 584 N.E.2d 715, paragraph two of the syllabus (1992).  Thus,

absent an abuse of discretion, appellate courts will not disturb a trial court's

ruling concerning a motion to withdraw a guilty plea. *Id.* at 527.  An "abuse

of discretion" means that the court acted in an " 'unreasonable, arbitrary, or unconscionable' " manner or employed " 'a view or action that no conscientious judge could honestly have taken.' " *Howard, supra;* quoting *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 67; quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 23.  Moreover, a trial court generally abuses its discretion when it fails to engage in a " 'sound reasoning process.' " *Howard, supra,* quoting *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14; quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).  Additionally, "[a]buse-of-discretion review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court." *Howard, supra;* quoting *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

## LEGAL ANALYSIS

{¶7} Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  Crim.R. 32.1 permits a defendant to file a motion to withdraw a guilty plea before

sentence is imposed.  While trial courts should "freely and liberally" grant a presentence motion to withdraw a guilty plea, a defendant does not "have an absolute right to withdraw a guilty plea prior to sentencing." *Howard*, *supra*, at ¶ 21; quoting *Xie* at 527; *accord State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 57; *State v. Spivey*, 81 Ohio St.3d 405, 415, 692 N.E.2d 151 (1998); *State v. Wolfson*, 4th Dist. Lawrence No. 02CA28, 2003-Ohio-4440, ¶ 14.  Instead, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Howard*, *supra*; quoting, *Xie* at paragraph one of the syllabus; *accord State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 10, superseded by statute on other grounds as stated in *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958.

{¶8} While a trial court possesses discretion to determine whether to grant or to deny a presentence motion to withdraw a guilty plea, it does not have discretion to determine if a hearing is required. *Howard*, at ¶ 22; *see also Wolfson* at ¶ 15.  Instead, a trial court has a mandatory duty to hold a hearing regarding a presentence motion to withdraw a guilty plea. *Howard, supra*; *Xie* at paragraph one of the syllabus; *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 50; *State v. Burchett*, 4th Dist. Scioto No. 11CA3445, 2013-Ohio-1815, ¶ 13; *State v. Davis*, 4th Dist.

Lawrence No. 05CA9, 2005-Ohio-5015, ¶ 9; *Wolfson* at ¶ 15; *State v. Wright*, 4th Dist. Highland No. 94CA853, 1995 WL 368319 (June 19, 1995). In *Wright*, we explained:

> "Without a hearing, it is not possible to determine whether a legitimate and reasonable basis exists for a motion to withdraw a guilty plea. Because a hearing is clearly required by *Xie*, supra, as the mechanism by which [the] trial court determines whether there is a reasonable and legitimate basis for a motion to withdraw a guilty plea, we hold that the denial of a hearing is reversible error as a matter of law." *Id.* at *5.

{¶9} "While *Xie* states that a hearing is mandatory, it does not define the type of hearing that is required." *Wolfson* at ¶ 16. This Court, however, has previously "concluded that a hearing complying with at least the minimum mandates of due process is necessary." *Id.;* citing *Wright*; *accord State v. Robinson*, 8th Dist. Cuyahoga No. 89651, 2008-Ohio-4866, ¶ 24 (noting that although the *Xie* court did not define the type of hearing required, "it is axiomatic that such hearing must comport with the minimum standards of due process"). In *Wolfson*, we explained that although a trial court "must afford the defendant meaningful notice and a meaningful opportunity to be heard," the court nonetheless retains discretion to define the scope of the hearing so as to " 'reflect the substantive merits of the motion.' " *Id.* at ¶ 16; quoting *Wright* at *6, and citing *State v. Smith*, 8th Dist. Cuyahoga No. 61464, 1992 WL 369273, *5 (Dec. 10, 1992).

Additionally, a trial court need not necessarily "schedule a separate hearing" in order to comply with minimum due process standards. *State v. Glavic*, 143 Ohio App.3d 583, 589, 758 N.E.2d 728 (11th Dist.2001). Instead, as long as a trial court affords a defendant "an opportunity at a hearing to assert to the court the reasons why the [defendant] should be able to withdraw his plea, he has been given a 'full and actual hearing on the merits.' " *State v. Maistros*, 8th Dist. Cuyahoga No. 43835, 1982 WL 5253, *3 (Mar. 25, 1982) (internal citation omitted); *accord State v. Hall*, 8th Dist. Cuyahoga No. 55289, 1989 WL 42253, *2 (Apr. 27, 1989).

{¶10} We further point out that a trial court need not conduct a full evidentiary hearing if the defendant fails to " 'make a prima facie showing of merit * * *. * * * This approach strikes a fair balance between fairness to the accused and the preservation of judicial resources.' " *Smith* at *5; quoting *Hall* at *1; *accord Wright* at *6. "[B]old assertions without evidentiary support" ordinarily will not merit a full evidentiary hearing. *Hall* at *1; *e.g., Davis, supra*, at ¶ 10; *Wolfson* at ¶ 16; *Smith, supra*; *Wright* at *6.

{¶11} Here, a review of the record reveals that although Appellant's sentencing hearing was initially scheduled to take place on January 24, 2017, it did not go forward on that day. The hearing was rescheduled at the request of the trial court, due to the court's desire to obtain additional

information on Appellant prior to imposing sentence. The hearing was ultimately rescheduled for 2:00 p.m. on February 21, 2017. Appellant filed a written motion to withdraw her guilty plea at 1:34 p.m. on February 21, 2017. In her motion, Appellant asserted the affirmative defense of personal use with respect to the charge of cultivation of marijuana. Specifically, as to Appellant's assertion of the affirmative defense of personal use, we note that R.C. 2925.04(F) provides as follows:

> "(F) It is an affirmative defense, as provided in section 2901.05 of the Revised Code, to a charge under this section for a fifth degree felony violation of illegal cultivation of marihuana that the marihuana that gave rise to the charge is in an amount, is in a form, is prepared, compounded, or mixed with substances that are not controlled substances in a manner, or is possessed or cultivated under any other circumstances that indicate that the marihuana was solely for personal use."

{¶12} There is limited information in the record regarding the trial court's consideration of the motion prior to orally denying it on the record. What does appear in the transcript states as follows:

> "BY THE JUDGE:        Okay, thank you very much. Uh, is there any reason why this hearing should not proceed at this time? Defense counsel or Defendant or State of Ohio?
>
> BY PROSECUTOR ADKINS:        None for the State, Your Honor.
>
> BY ATTORNEY BUNCE:        Um, no sir, Your Honor. Well, I, I mean, I guess what we need to do, Your Honor, I, I did prior to this hearing uh file a Motion to Withdraw the Guilty Plea um and I know we had a, a moment in chambers to discuss this

briefly and I, I guess we just need to maybe have the Court to um address whether we're gonna go forward with that or not.

BY THE JUDGE:          Uh, thank you very much.  It's well done.  It's a Motion to Withdraw Guilty Plea.  Uh, I've read it and discussed it back in chambers.  We had an argument back in chambers and I, uh, based upon what we had done prior to this at the taking of the plea, the Court's going to overrule your Motion (inaudible) to Withdraw the Plea –

BY ATTORNEY BUNCE:       Thank you --"

{¶13} The discussion and/or argument regarding the motion referenced by the trial court were either not recorded or not transcribed, and are not part of the appellate record.  Thus, it is unclear to this Court the extent to which the trial court considered the merits of Appellant's motion.  Additionally, the State describes the trial court's consideration of the motion as follows in its appellate brief as follows:

> "At the sentencing hearing, the trial court mentioned that the motion had been addressed off the record in chambers.  However, the trial court and defense counsel minimally addressed the motion on the record.  No argument or evidence was presented regarding the merits of the motion."

Thus, the exchange on the record during the sentencing hearing seems to suggest the trial court denied Appellant's motion, without a hearing, based upon a single factor, stating it was denying the motion "based upon what we had done prior to this at the taking of the plea * * *."  However, the question of whether Appellant was afforded a full Crim.R. 11 hearing before entering

a plea is but one of nine factors an appellate court must consider when reviewing a trial court's decision regarding a pre-sentence motion to withdraw a guilty plea. *See State v. Nance,* 4th Dist. No. 18CA7, 2018-Ohio-2637, ¶ 13.[1]  Additionally, and as set forth above, the State has conceded the trial court erred in failing to conduct a hearing, citing this Court's prior holding in *State v. Nance*, *supra*.

**{¶14}** In *State v. Nance*, a motion to withdraw a guilty plea was filed approximately two weeks prior to the rescheduled sentencing hearing.  The trial court verbally denied the motion during the sentencing hearing and then proceeded to sentencing, stating as follows:

> "Attorney Knight:          Uh, Your Honor, we do have a pending motion.
>
> The Court:          Well we're going to deny that motion.
>
> Attorney Knight:          We would ask for a hearing on the motion or at least a submission of the transcript which was attached to make it part of the record.
>
> The Court:          Sure, absolutely.  Absolutely.  Uh, as to the sentencing?" *Nance* at ¶ 19.

---

[1] As explained in *Nance*, nine factors should be taken into consideration.  Those factors are as follows: 1) whether the appellant was represented by highly competent counsel; 2) whether the trial court afforded the appellant a full Crim.R. 11 hearing before entering the plea; 3) whether the trial court held a full hearing regarding the motion to withdraw the plea; 4) whether the trial court gave full and fair consideration to the motion; 5) whether the appellant filed the motion with a reasonable time; 6) whether the appellant's motion gave specific reasons for the withdrawal; 7) whether the defendant understood the nature of the charges, possible penalties, and consequences of the plea; 8) whether the appellant was "perhaps" not guilty of has a complete defense to the charges; and 9) whether permitting the appellant to withdraw the plea will prejudice the State. *Nance* at ¶ 13 (internal citation omitted).

This Court characterized the trial court's handling of the motion in *Nance* as being handled in a "summary fashion[]" noting, however, the trial court "arguably had time to review the written motion and to give it full and fair consideration prior to the sentencing hearing." *Id.* Nevertheless, this Court found the record did not support a finding that Nance "was given a real opportunity to be heard on his motion to withdraw his pleas and to present any evidence in the matter[,]" considering "the summary nature of the brief discussion of the motion to withdraw." *Id.* at ¶ 21. Here, the motion was filed just twenty-six minutes prior to the sentencing hearing and, while timely, it is unlikely the trial court had a chance to fully consider the motion prior to the hearing.

{¶15} We agree with the State that the motion to withdraw the guilty plea filed here was handled in a very similar manner as the one in *Nance*, and that *Nance* should govern our disposition in this matter. Thus, consistent with *Nance*, as well as the State's concession that the trial court failed to hold a hearing before denying Appellant's motion to withdraw her guilty plea, we find the trial court abused its discretion by not holding a mandatory hearing on Appellant's motion to withdraw her guilty plea. As such, Appellant's first assignment of error has merit and is therefore sustained. Accordingly, we reverse the trial court's judgment and remand

this matter with instructions to conduct a hearing that complies with due process standards. *State v. Xie*, *supra*.

## ASSIGNMENT OF ERROR II

{¶16} In her second assignment of error, Appellant contends trial counsel rendered constitutionally ineffective assistance in violation of her constitutional rights.  More specifically, Appellant argues her trial counsel was constitutionally ineffective because she filed the motion to withdraw the guilty plea on the day of the final sentencing hearing, despite knowing Appellant had an affirmative defense prior to the first sentencing hearing. Appellant further argues the she "was prejudiced by the omission of trial counsel, as the trial court did not need to have a full and fair hearing on the motion as it was not timely filed."

{¶17} The State counters by arguing Appellant's trial counsel was not ineffective for failing to file the motion to withdraw the guilty plea prior to the first sentencing hearing, because Appellant was not sentenced at the first hearing.  The State further points out that the motion was filed prior to Appellant being sentenced and thus the filing was sufficient to require the trial court to conduct a hearing on the motion.

{¶18} However, in light of our disposition of Appellant's first assignment of error, in which we already determined Appellant's motion to

withdraw her plea was filed pre-sentence, and that the trial court erred and

abused its discretion in failing to hold a hearing before denying the motion,

we conclude the arguments raised under Appellant's second assignment of

error have been rendered moot.  As such, we do not address them.

Accordingly, the judgment of the trial court is reversed and remanded for

further proceedings consistent with this opinion.

**JUDGMENT REVERSED AND
CAUSE REMANDED FOR
FURTHER PROCEEDINGS
CONSISTENT WITH THIS
OPINION.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.  Costs shall be assessed to Appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellee to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellee to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, J. & Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY:  _____
Matthew W. McFarland, Judge


**NOTICE TO COUNSEL:  Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**